260 So.2d 757 (1972)
Mrs. Effie Busby ROZELLE, Plaintiff-Appellee,
v.
EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Defendant-Third-Party Defendant-Appellee,
The AETNA CASUALTY & SURETY COMPANY, Defendant-Third-Party Plaintiff-Appellant.
No. 11803.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1972.
Rehearing Denied April 24, 1972.
Writ Refused May 25, 1972.
*758 Theus, Grisham, Davis & Leigh, by J. Bachman Lee, Monroe, for defendant-third-party plaintiff-appellant Aetna Casualty & Surety Co.
Brown & Wicker, by William D. Brown, Monroe, for plaintiff-appellee.
Davenport, Files & Kelly, by Thos. W. Davenport, Monroe, for defendant-third-party defendant-appellee, Employers' Liability Assur. Corp.
Before AYRES, HEARD and HALL, JJ.
En Banc. Rehearing Denied April 24, 1972.
HALL, Judge.
Plaintiff was injured on March 28, 1970, when she slipped and fell at the entranceway to the A & P Store located at the corner of Third and Pine Streets in Monroe, at about 4:30 in the afternoon. She brought suit against (1) Employers' Liability Assurance Corporation, insurer of the owners-lessors of the building, and (2) The Aetna Casualty & Surety Company, insurer of the Great Atlantic & Pacific Tea Company, lessee and operator of the supermarket on the premises. Allegations of negligence included failing to provide a safe place for plaintiff's entry into the store; failing to insure the entranceway was not slick or slippery; failing to warn plaintiff of the slippery condition; failing to have the entranceway dry and safe; and failing to provide handrails.
Defendants generally denied the allegations of negligence and pled plaintiff's contributory negligence in bar of recovery. Aetna made a third party demand against the owners of the building and Employers' seeking judgment over and against the third party defendants in the event of judgment in favor of plaintiff against Aetna.
After trial on the merits, the district court held the entranceway was not dangerous per se and rejected all demands against the owners of the building and their insurer, Employers'. The district court further held a dangerous condition existed at the entranceway due to the weather, construction of the entranceway and traffic of customers with no cleaning or other precautions taken by the operator of the store and that the accident was caused by the negligence of the store operator. Judgment was rendered in favor of plaintiff against Aetna in the amount of $9,618.59. Defendant, Aetna, appealed.
On appeal, defendant specifies that the trial court erred (1) in holding A & P was guilty of negligence in the manner in which it maintained the sidewalk and entranceway outside its store; (2) in holding plaintiff sustained the burden of proving a causal relationship or connection between the alleged negligence and the injuries received by plaintiff; (3) alternatively, in failing to hold plaintiff was contributorily negligent in hurrying to get in out of the rain and in changing direction when she knew the entranceway was wet from an all-day rain; and (4) alternatively, in holding the construction of the entranceway was a contributing factor and then failing to hold third party defendants liable under the third party demand.
The only evidence bearing on the happening of the accident was the testimony of plaintiff, photographs of the entranceway and the testimony of the store manager, John Ford.
The sole entranceway to the store, consisting of double doors, is located at the corner of the building. Immediately in front of the doors is a broken quarry tile entranceway which declines slightly toward the sidewalk and street. The tile entranceway and part of the adjoining sidewalk are *759 covered by the overhang of the roof of the building.
On the date of the accident, it had rained most of the day and was raining at the time of the accident. Plaintiff had been to the beauty parlor and had driven to the store to shop for groceries. She parked her car at the curb near the entranceway, walked a few steps to a newspaper stand and bought a newspaper, and then walked a few steps to the tile entranceway. At this point, she noticed the lights of her car were on and turned to her right to go to her car and turn off the lights. Her right foot slipped out from under her and she fell toward the sidewalk and street. She testified on direct examination she did not know precisely what object caused her to fall and she just started slipping. On cross examination by the attorney for Employers' plaintiff testified she looked after she fell and saw her "heel print where itmarked down there and there was a little mudlike you know like people take in on their feet." She saw heel marks or scuff marks from the tile portion where she first started slipping, across the sidewalk to where she came to rest. The entranceway was wet.
The manager of the store testified his policy was to clean up the interior of the store on a regular basis of once a week and otherwise only as needed. Little attention was paid to the entranceway outside the store and nothing was done in connection with the entranceway on the day of the accident. He sometimes kept a mop near the front door on rainy days to clean up water and dirt tracked into the store by customers, as needed.
A storekeeper is not the insurer of the safety of his customers and he need not keep his floors, aisles, entranceways and passageways in perfect condition, but he must exercise ordinary care and prudence to keep same in a reasonably safe condition for his customers. This duty extends to the entranceway of a store as well as to the interior of the store. This duty includes an obligation to employ reasonable inspection and cleanup procedures to see that the floors, aisles and entranceways are free from extraneous substances which increase the hazard of ordinary use by the store's customers.
The evidence here shows that plaintiff's fall was due to the wet and muddy condition of the sole entranceway on a rainy day and that the store made no effort whatsoever to keep the entranceway in a reasonably safe condition. Since the store had not inspected or cleaned up the entranceway at any time on the day of the accident, it can be reasonably concluded that the mud present at the entranceway was an accumulation from and the result of the entire day's weather and customer traffic. It follows that the store had constructive knowledge of the condition of the entranceway and its failure to take any precautions or to employ any inspection or cleanup procedures was negligence which was the proximate cause of the accident.
Defendant cites St. Julien v. Fireman's Fund Insurance Company, 127 So.2d 245 (La.App.3d Cir. 1961), Berglund v. F. W. Woolworth Company, 236 So.2d 266 (La.App.4th Cir. 1970), and other similar cases in which recovery was denied. Each case must be judged on its own particular facts. None of the cited cases are factually identical with the instant case and a total absence of cleanup and maintenance procedures does not appear to have been a factor in any of the cited cases as it is in the instant case.
The only reasonable conclusion to be drawn from the evidence is that plaintiff's fall was caused by the presence of mud on the tile entranceway. There is no evidence that plaintiff was not exercising ordinary care at the time she fell. Defendant has not sustained its burden of proving contributory negligence on the part of plaintiff.
There is no evidence that the entranceway was improperly constructed or *760 that there existed any vice or defect in its construction. There is no evidence that the tile material is unusually slippery or hazardous even when wet. Thus, there is no basis for liability of the owners of the building or their insurer.
Defendant-appellant does not specify any error in the amount awarded plaintiff by the district court.
For the reasons assigned, the judgment of the district court is affirmed at the cost of appellant, The Aetna Casualty & Surety Company.
Affirmed.