280 So.2d 659 (1973)
James W. LOTT
v.
WINN-DIXIE LOUISIANA, INC. and Fidelity and Casualty Insurance Company.
No. 5512.
Court of Appeal of Louisiana, Fourth Circuit.
July 17, 1973,
John G. Villarrubia, Metairie, for James W. Lott, plaintiff-appellant.
Robert E. Peyton, Christovich & Kearney, New Orleans, for Winn-Dixie Louisiana, Inc. and Fidelity & Casualty Ins. Co., defendants-appellees.
Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
This appeal arises from a slip and fall sustained by plaintiff, James W. Lott, while entering the Winn-Dixie food store located at 4303 Magazine Street in New Orleans. Plaintiff brought suit against Winn-Dixie Louisiana, Inc. and Fidelity and Casualty Insurance Company. The trial court dismissed plaintiff's suit and rendered judgment in favor of defendants. From this adverse judgment plaintiff appeals.
*660 The evidence shows that plaintiff's fall took place on Saturday, August 9, 1969 at approximately 3:00 o'clock P.M. It had rained off and on during this day and the periodic rain had stopped when the accident took place.
As plaintiff walked through the entrance door of the store and onto the clear tile flooring, he slipped and fell on his lower back. Plaintiff testified that he was embarrassed and immediately got up and walked off to do his shopping. He admits that he did not look to see what was on the floor but testified that water soaked through his pants and undershorts. There was no evidence that any water leaked into the store from outside but only that any water on the floor was a result of customers coming in from the rain.
The question with which we are faced is whether the defendants breached their duty to provide a safe place for customers by keeping the entrance to the store in a reasonably safe condition. Rozelle v. Employer's Liability Assurance Corp., La. App., 260 So.2d 757 (La.App. 2d Cir., 1972), states the rule that a storekeeper is not the insurer of the safety of his customers and he need not keep his floors, aisles, entranceways and passageways in perfect condition, but he must exercise ordinary care and prudence to provide reasonably safe conditions for his customers. The Rozelle decision further states that the storekeeper is under a duty to employ reasonable inspection and cleanup procedures to see that the floors, aisles and entranceways are free from extraneous substances which increase the hazard of ordinary use by the store's customers.
In Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739 (La.App. 3rd Cir., 1968), Writs refused, 252 La. 457, 211 So.2d 327, the court stated as follows:
"The Court is aware of the many problems which face a plaintiff in proving a slip and fall action. Rarely will the plaintiff have the names and addresses of any independent witnesses. The facts concerning the accident and the existing conditions will almost always lie within the knowledge of persons who, because of adverse interests, are reluctant to make disclosures. However, the fact that these problems exist does not relieve the plaintiff from carrying the burden of proof throughout the trial. He is not aided by any presumption from the mere fact of a fall and a resulting injury. He cannot rely on the doctrine of res ipsa loquitur." (Emphasis added.)
In the case at bar the plaintiff has produced no proof that there was a substantial amount of water on the floor of the store's entrance. No witnesses testified concerning the amount of water on the floor except Jules S. Guillot, the acting manager of the store at the time of the accident, who testified that there was a very little amount of water on the floor immediately after the accident. Joyce Carlson, an employee of Winn-Dixie on duty at the time, saw the plaintiff fall. She testified that she looked over at the floor to see what caused him to fall and did not see anything. She added that she is nearsighted and has poor vision but she did not "... see anything down there."
Even the plaintiff said that he could not testify as to the amount of water as he quickly walked away after falling. All that is testified to by the plaintiff concerning the amount of water is that his pants and undershorts were wet and that after the fall an employee mopped the area with a large industrial mop. The fact that plaintiff's clothes were wet does not establish the existence of a substantial amount of water as cloth is very absorbent and only a very small amount of water will cause one's clothes to become wet.
The jurisprudence is replete with slip and fall cases. Primarily each case must stand upon its own facts. However, we perceive little difference in the factual situation here and in the case of Berglund v. F. W. Woolworth Company, 236 So.2d 266 *661 (La.App. 4th Cir. 1970). We stated therein on page 268:
"Generally, the rule is that a storekeeper is not an insurer of the safety of his customers but does have a responsibility in providing a safe entranceway and a safe place in which to walk and shop and attend to such affairs as the nature of the business requires. He is under a duty to exercise the care of a prudent person; to provide protection against reasonably foreseeable hazards and to maintain the premises in a reasonably safe condition at all times." (Cited authorities omitted.)
The trial judge herein rendered no written reason for his decision but a conclusion of no negligence on the part of defendant is supported by the evidence and a reversal of his decision is not warranted either on the state of the evidence or the law.
It can be reasonably anticipated that on a rainy day people will track water into a public place. We must also remember that the accident in question took place on a Saturday and the testimony indicates that the store was quite busy. Any one person may track in enough water or dirt to cause the next person to slip, dependent upon the condition of the floor surface. There is no showing here that the floor surface was unduly slick or smooth such that any wetness whatever would cause patrons to slip. Upon such a showing even continuous mopping may conceivably be insufficient care. In the absence of such a showing we cannot say reasonable care was not taken.
We realize that the storekeeper has a duty to maintain reasonably safe passageways but to stretch the duty this far would be to deem the storekeeper an insurer of the safety of his customers, which is clearly not the intent of prior jurisprudence, nor the intent of the court in the present situation.
In Lofton v. Travelers Insurance Company, supra, the plaintiff was denied recovery when he slipped in a puddle of clear water which was as large as a basketball. In that case no evidence was presented to show from where the water came or how long it had been on the floor. The fall took place between 10:30 and 11:00 A.M. and there was no inspection of the area since the store opened at 9:00 A.M. In that case the grocery store's inspection procedures were not deemed inadequate. Neither do we find that defendant's inspection procedures were inadequate in the case at bar.
Counsel for appellant also seeks attorney's fees provided in LSA-C.C.P. art. 1457 for appearance at a scheduled deposition which was cancelled. Such an award may be granted by the trial judge within his discretion. We find no abuse of that discretion and concur in his refusal to grant attorney's fees.
For the above reasons we affirm the decision of the trial court dismissing plaintiff-appellant's appeal at his costs.
Affirmed.
LEMMON, J., dissenting with written reasons.
LEMMON, Judge (dissenting).
Although argued by defendants, the usual question of whether the hazard had existed for a period of time long enough to charge the owner with constructive knowledge is not an issue in this case. Notice is only relevant when a third person creates a hazard otherwise unknown to the owner. In this case the owner knew that water accumulated on the floor near the entrance in rainy weather and knew or should have known that an accumulation of water on a tile floor constituted a hazard.
The critical issue is whether the owner, in the light of this knowledge, took adequate steps to remedy the hazard and to keep the premises safe for its customers.
Winn-Dixie contends it discharged its duty to keep the area safe by mopping every *662 15 minutes during rainy weather. I believe that this procedure, even if the policy were carried out unfailingly,[1] was not reasonably adequate to remedy the dangerous condition. Obviously, the area became unsafe between moppings as soon as a customer tracked more water inside.
To adequately remedy the hazard, Winn-Dixie should have installed rubber matting or other flooring material designed especially to provide safe footing under such conditions, or taken other steps to adequately insure safety. Nevertheless, Winn-Dixie chose only to mop the area and to take a chance between moppings. Having at least two obvious ways of remedying the known dangerous condition, one of which would have produced reasonable safety and the other of which produced only a partial and temporary remedy, Winn-Dixie was negligent in choosing the method which failed to provide reasonable safety.
NOTES
[1] The cashier on duty near the front door testified that she had not seen the area mopped all day.