325 So.2d 621 (1976)
Mrs. Sara Sanford Green, w/o and James T. GREEN, Jr.
v.
SCHWEGMANN BROTHERS GIANT SUPERMARKETS, INC., and Fireman's Fund Insurance Company.
No. 7170.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
*622 William S. Marshall, Jr., Dillon & Williams, C. T. Williams, Jr., New Orleans, for Schwegmann Brothers Giant Supermarkets, Inc., and others, defendants-appellants.
Lambert J. Hassinger, New Orleans, for Mrs. Sara Sanford Green, w/o and James T. Green, Jr., plaintiffs-appellees.
Before GULOTTA, BOUTALL and MORIAL, JJ.
BOUTALL, Judge.
Plaintiffs, Mrs. Sara Green and her husband James Green, sue in tort to recover damages and medical expenses for personal injuries received by Mrs. Green in defendant Schwegmann's store. The trial court awarded plaintiffs $2,300.09 and defendants, Schwegmann Bros. and its insurer, have appealed.
The facts show that Mrs. Green was shopping in Schwegmann Brothers Airline store with her mother and one year old child. Mrs. Green and her mother were pushing shopping carts while the baby was seated in Mrs. Green's cart. Intending to purchase some dog food, Mrs. Green turned onto the dog food aisle, selected three cans from a shelf display and proceeded down the aisle. A short distance from where she had selected her three cans there was a stack of dog food cases piled at least five feet high in the middle of the aisle. Mrs. Green's mother passed this stack to the right and Mrs. Green followed. As she drew even with the stack it began to fall on her. Her mother heard the sound of the falling cases and reacted in time to rescue the baby from the cart. The falling cases struck Mrs. Green knocking her and her cart to the floor. She received injuries to her left hip and lower back. She also received a severe contusion of the lower abdomen.
Mrs. Green and her mother both testified that they were alone on the entire length of the 75 foot aisle, that neither of them struck the stacked cases with their cart or body and that they do not know with any certainty what caused the stacked cases to fall. They both stated that the stack was very high, approximately five and a half feet, and stacked in a disorderly fashion.
The plaintiffs base their case on the doctrine of Res Ipsa Loquitur, and alternatively on negligence of defendant. The trial court gave no written Reasons for Judgment. We do not feel that this case is a proper one for the application of Res Ipsa Loquitur. Instead, we believe plaintiffs have proven their case by a preponderance of the evidence.
While it is true that plaintiffs cannot explain exactly what caused the stack of boxes to fall, they have raised the reasonable inference that improper stacking by defendant's employees was the cause. This inference creates a prima facie case which will prevail unless defendants can rebut it.
The two most recent Supreme Court cases in this area are Pilie v. National Food Stores of Louisiana, Inc., 245 *623 La. 276, 158 So.2d 162 (S.Ct.1963) and Taylor v. CNA Insurance Group, 300 So.2d 479 (S.Ct.1974). In both these cases the Supreme Court found that the facts did not warrant the application of the doctrine of Res Ipsa Loquitur, and that the plaintiffs had failed to prove negligence by a preponderance of the evidence. However, in Taylor the court, in citing the case of Larkin v. State Farm Automobile Ins. Co., 233 La. 544, 97 So.2d 389 (S.Ct.1957) sets out the burden of proof necessary for plaintiff, in such cases as this, to recover. The plaintiff must show: (1) that she was in no way negligent herself (as was not the case in Taylor); (2) that there can be no inference of negligence on the part of persons other than plaintiff and defendant (as was not the case in Pilie); (3) there can be drawn a reasonable inference that the accident was caused through the negligence of defendant. Accordingly, we proceed to an examination of the evidence in this case.
The plaintiffs' evidence is set out above. It satisfies the first two criteria of proof and establishes the reasonable inference of defendants' negligence by the testimony that this high stack of boxes were in a disarrayed and uneven condition. This sets up the premise that the stack fell of its own accord due to improper handling by defendants' employees.
Defendants attempt to place the cause of the accident upon plaintiff. A stockclerk, Orville Dill, testified that he was standing at the end of a cross aisle some five feet from the scene of the accident. He allegedly saw plaintiff strike the stack with her cart and knock it over on herself. At the trial the credibility of this witness was seriously contested and, we feel, correctly so. There are several incredible things in his testimony about the accident. However, his entire testimony is actually suspect. Mr. Dill testified that three days prior to the trial he had no knowledge or memory of this incident. He returned to the store and asked his former supervisor if he remembered anything. His supervisor told him that he remembered nothing himself but that he did remember Dill telling him about it three years before. The supervisor then proceeded to relate to Dill what he could remember of what Dill had told him three years earlier. This story was the basis of Dill's testimony. This type of evidence is obviously highly untrustworthy, if not some convoluted form of rank hearsay. The chief security officer testified that Dill, who was the boy working in the aisle, was in the warehouse when he arrived.
The only other pertinent testimony offered by defendants was that of the store manager. The manager did not see the accident or even remember it, but he did testify as to the normal method of stacking boxes in his store. His testimony was very sketchy, although he did state that all employees were told to stack the boxes in a stable manner. There was no testimony that he or anyone else checked to see if the boxes were stacked in a stable manner. He did state that occasionally boxes were stacked the wrong way in an aisle, thus hampering customers from passing. When this occurred, and he noticed it, he would tell the stockclerks to restack the boxes.[1]
Plaintiff cites us to the case of Morais v. Schwegmann Bros. Giant Supermarket, 290 So.2d 357 (La.App. 4th Cir. 1974) as the law controlling this case. While we note that some of the legal principles in that case have been repudiated by this court (see Gonzales v. Winn-Dixie Louisiana, Inc., 309 So.2d 697 (La.App. 4th Cir. *624 1975)), we feel the result reached in Morais is correct and supportive of the decision here.
We can find no manifest error in the ruling of the trial court and for that reason we affirm it at defendants' cost.
Affirmed.
NOTES
[1] As noted above, the trial court gave no reasons for judgment. However, it is apparent that an evaluation of the direct testimony of plaintiffs as compared to the indirect testimony of the manager and the security officer, and the highly suspect testimony of the employee, Dill, ineluctably led the trial court to a conclusion that the facts were as plaintiffs stated. Based on these facts, a conclusion that the stack of boxes fell due to negligent and improper stacking is justified.