GULOTTA, Judge.
Defendant supermarket appeals from a judgment in favor of plaintiff shopper for damages sustained when cans of merchandise fell from the display shelf and struck plaintiff’s left leg and foot. Seeking an increase in the $2,480.00 award, plaintiff has answered the appeal.
According to plaintiff’s version of the accident, the cans fell from the lower shelf as she reached for a package of cans on one of the upper shelves. Plaintiff testified that she had not touched any of the cans on the shelf prior to their falling and had noticed (after the accident) that the cans were “disarranged”. She acknowledged that she did not know how the cans had become disarranged — whether by store employees or by customers.
Defendant relies on the testimony of a store security guard who testified that plaintiff had told him that her leg had touched a can on the lower shelf as she reached up for merchandise on the upper tier. Reliance is also placed on the testimony of the store manager who, though not present at the time of the accident, stated that it was the supermarket’s policy to stack cans neatly and well within the shelf to prevent them from falling down or protruding. The manager added that porters and stock clerks are instructed on methods of properly stacking the merchandise in order to minimize hazards to shoppers and that customers sometimes remove cans from the shelves and replace them improperly.
It is defendant’s argument that the factual circumstances of the instant case fall within the ambit of Taylor v. CNA Insurance Group, 300 So.2d 479 (La.1974) and Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963), where the doctrine of res ipsa loquitur was held to be inapplicable. In these cases, defendant claims plaintiff bears the burden of showing the storekeeper’s negligence. Furthermore, according to defendant, in the instant case, a reasonable inference is created that the accident was caused by plaintiff’s touching the cans with her leg or by other customers’ removing cans from the shelves and replacing them improperly. Defendant maintains that injury-from-failing-merchandise cases are not controlled by the slip-and-fall cases of Kavlieh v. Kramer, 315 So.2d 282 (La.1975) and Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976).
We do not agree. Applying the rationale and result reached by the Supreme Court in Kavlich v. Kramer, supra, and Gonzales v. Winn-Dixie Louisiana, Inc., supra, and this court in Green v. Schwegmann Brothers Giant Supermarkets, Inc., 325 So.2d 621 (La.App. 4th Cir. 1976) (which we believe control the factual circumstances of our case), we conclude a rebuttable inference that the cans were not properly stacked is created when a plaintiff is hurt by falling cans. Defendant bears the burden of exculpating itself from liability. See Morais v. Schwegmann Brothers Giant Supermarket, 290 So.2d 357 (La.App. 4th Cir. 1974).
In the instant case, an implication exists in the trial court’s award that (on the disputed factual question) plaintiff’s leg did not touch the cans prior to the accident. Though no written reasons were assigned by the trial judge, implicit in his judgment is the acceptance of plaintiff’s testimony that she did not touch the cans on the lower shelf with her leg as she reached for cans on the upper shelf and the rejection of the security guard’s testimony that plaintiff told him she had touched the cans on the lower shelf. This factual finding based on credibility will not be disturbed absent manifest error. We find no such error in this case.
Furthermore, defendant offered no evidence to exculpate itself from an inference of negligence other than through testimony of the store manager and security guard that shoppers, on occasion, replace cans im *192 properly, together with the generalized testimony that in order to minimize hazards an effort is made to neatly and properly stack the cans. This evidence is not sufficient to exonerate the store owner from liability.
On a quantum question raised by plaintiff, we find no merit to the claim that the trial judge erred in failing to award plaintiff reimbursement for the weekly costs (over a period of a year and a half) of a substitute employee necessitated by plaintiff’s injury.
The medical testimony of plaintiff’s treating physician was that the initial disability extended for a period not in excess of 8-months postaccident. Additional testimony of this expert that a flare-up of pain in the same area of the leg was accident-connected is unpersuasive. We have no difficulty in finding the award made by the trial judge to be within the limits of his discretion. The judgment is affirmed.

AFFIRMED.

BEER, J., dissents.