353 So.2d 397 (1977)
Mrs. Harriet Goldberg Hyman, wife of/and Elliott HYMAN
v.
NATIONAL SUPER MARKETS, INC.
No. 8441.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1977.
Meyer Sabludowsky, New Orleans, for plaintiffs-appellants.
Guste, Barnett & Shushan, William M. Barnett, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN and BOUTALL, JJ.
BOUTALL, Judge.
Mr. and Mrs. Elliott Hyman sued for damages resulting from personal injury to Mrs. Hyman in a Canal Villere store owned by National Super Markets, Inc. The trial court concluded that there was no actionable negligence on the store's part, and dismissed their suit. They appeal.
Plaintiffs contend that they were shopping in the supermarket and as they approached that particular display area, while Mrs. Hyman was still some three feet away, a large glass punch bowl and several cups fell from an open display box on a shelf some 9 inches from the floor and shattered, one of the shards of the punch bowl cutting Mrs. Hyman's foot. They testified that they had not yet reached the area of the bowl and did nothing that would cause the bowl to fall.
We consider the applicable law to be the same as governs in slip and fall situations where plaintiff shows that she sustained an injury on defendant's premises not caused by any action or inaction on her *398 part, the burden of proof is shifted to the defendant. The defendant store owner must then show that it is free from fault and has provided a reasonably safe place for its customer to shop by maintaining a vigilance of its floors and stocks of merchandise in a reasonably safe condition commensurate with the hazards involved. If the evidence produced is sufficient to rebut the presumption of negligence, the storeowner is exonerated from liability. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1976); Green v. Schwegmann Bros. Giant Supermarkets, Inc., 325 So.2d 621 (La.App. 4th 1976); Johnson v. Insurance Company of North America and Schwegmann Bros. Inc., 351 So.2d 190 (La. App. 4th Cir. 1977).
To rebut the inference of negligence raised by plaintiffs, the defendant offered evidence to show that the aisles and display areas were regularly cleaned and inspected; that the area had been inspected approximately an hour before the incident by the Assistant Manager who was going off duty and had been reinspected by the co-manager who was coming on duty within a half hour of the incident. It was further shown that this particular display, being a promotional display, was treated differently than the ordinary stacks of merchandise, and had been specially handled. A consideration of this testimony leads to a conclusion that the store had done all that was reasonably required to insure that its merchandise was safe from falling.
The trial judge concluded that there was no actionable negligence on the storekeeper and we agree. There was a dispute in the testimony of the witnesses as to some of the facts of the occurrence. While plaintiffs insist that the large punch bowl and several cups fell to the floor and shattered, the co-manager testified that there was only one cup that was broken. In resolving this question of credibility, the trial judge could very well have considered the improbability of the shattering result testified to by plaintiff in a fall from a shelf, only 9 inches from the floor, causing injury three feet away. In any event, there is sufficient evidence in the record to support the conclusions of the trial judge, and we find no manifest error.
The judgment is affirmed.
AFFIRMED.