389 So.2d 900 (1980)
Belinda SMITH and James Brandon Smith, appearing through Belinda Smith, his provisional Tutrix
v.
WINN DIXIE STORES OF LOUISIANA, INC.
No. 11269.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Robert E. Peyton, Christovish & Kearney, New Orleans, on behalf of Winn Dixie of Louisiana, Inc., defendant-appellee.
Larry Preston Williams, New Orleans, on behalf of plaintiffs-appellants.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This appeal arises from a slip and fall sustained by the plaintiffs, Belinda Smith and her son James Smith, while entering the Winn-Dixie grocery store located at 2841 S. Claiborne Ave. in New Orleans. The plaintiffs brought an action against Winn-Dixie Stores of Louisiana as owner of the store wherein the accident occurred. *901 Upon trial of the matter, the district court entered judgment in favor of the defendant and against the plaintiffs dismissing the suit at their cost. From this adverse judgment the plaintiffs appeal.
On August 30, 1977, at approximately 2:00 P.M., the plaintiff, Belinda Smith, while carrying her baby son James, approached the entrance to the grocery store owned by the defendant. After taking her initial step inside the entrance to the defendant's store, the plaintiff, Ms. Smith, slipped and fell onto the tile floor, thereby suffering injury to herself and to her son. Though it was not raining at the time of the accident, it had been doing so shortly before the accident and intermittently earlier in the day. Testimony by the plaintiff, Ms. Smith, reveals that the floor upon which she fell had a "slight puddle" of water. Plaintiff further testified that she was wearing rubber thongs at the time of the accident, that is, open faced rubber shoes wherein the shoe fits between the first and second metatarsals.
The jurisprudence reflects the view that upon proof that a foreign substance was on the floor at the time the plaintiff entered the store; that the plaintiff stepped on this foreign substance; and that it caused her to slip, fall, and suffer injury, the burden shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that it was negligent. The defendant, as store owner, can carry its burden by establishing that it was free from fault and that it exercised reasonable care in protecting its customers from foreign substances on the floor. Reasonable care is exercised when the store owner takes reasonable protective measures, including periodic inspections, in order to keep the floors and aisles free of substances or objects that may cause customers to fall. If the evidence presented is sufficient to establish that the store owner has carried its burden, then the presumption of negligence will be rebutted and the defendant will be exonerated from liability. Kavlich v. Kramer, 315 So.2d 282, (La.1975); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Hanzo v. Travelers Ins. Co., 357 So.2d 1346 (4th Cir. 1978); Hyman v. National Super Markets, Inc., 353 So.2d 347 (4th Cir. 1977); Green v. Schwegmann Bros. Giant Supermarkets, Inc., 325 So.2d 621 (4th Cir. 1976). One other rule which must be considered here is that the storeowner is not the insurer of the safety of its customers and further that it does not have to keep its entranceways, aisles and passageways in perfect condition. Lott v. Winn-Dixie Louisiana, Inc. (4th Cir. 1973); Rozelle v. Employer's Liability Assurance Corp. 260 So.2d 757 (2d Cir. 1972).
We conclude that the plaintiffs have carried their burden in establishing a presumption of negligence on the part of the defendant storeowner. This finding is based on proof by the plaintiffs that a foreign substance in the form of water was on the floor of the entrance of the defendant's grocery store; that the plaintiff, Ms. Smith, stepped on this water and that this caused her to slip, fall and injure not only herself but also her child. The burden having shifted to the defendant to exculpate itself from the presumption of negligence, we must now consider whether it has carried this burden. We conclude that the defendant has done so by establishing that it was free from fault and that it exercised reasonable care in protecting its customers from foreign substances on the floor. The evidence discloses that on rainy days, such as the one on which the accident in this case occurred, the front of the store was periodically mopped so as to prevent slip and fall injuries. In fact a special mop and bucket was placed in the front of the store close to the entrance for this purpose. Furthermore, the cashiers, bag boys, office girls and the assistant manager in the front of the store are all instructed to check the entrance for water on rainy days. Testimony by the plaintiff reveals that this maintenance policy was in effect on this rainy day as the amount of water on the floor upon which the plaintiffs fell was only a "slight puddle". Moreover, the small amount of water on the floor was probably caused by other customers tracking it in from outside *902 the store. We hold that the storeowner defendant, having carried its burden of rebutting the presumption of negligence, is exonerated from liability.
Our findings, based on the facts before us, coincide with those in Berglund v. F. W. Woolworth, 236 So.2d 266 (4th Cir. 1970) and in Lott v. Winn-Dixie Louisiana, Inc., 280 So.2d 659 (4th Cir. 1973). In Berglund v. F. W. Woolworth, supra, the plaintiff, on a rainy day, slipped and fell inside the entrance of the defendant's department store. The undisputed facts reveal that the store entrance was wet from the tracking in of water and the dripping of umbrellas. In finding that the defendant was not liable, the court made the following statement:
"There is no evidence that there was an abnormal accumulation of water or foreign substance on the floor, but only such as might reasonably be expected to have been tracked in by customers on a rainy day. There was testimony by defendant's porters that, among other duties, they mopped the surplus water from the floor near the entrances several times that day, but we are not convinced that they did so with any regularity. There is no convincing evidence that the entrance in question was mopped at any certain time prior to Mrs. Berglund's accident, but the condition of the floor as described by Mrs. Berglund and her companion was not such as to indicate a neglect on the part of defendant's porters in not having mopped it more frequently." (at p. 269)
In Lott v. Winn-Dixie Louisiana, Inc., supra, the plaintiff, on a rainy day, sustained injury when he slipped and fell inside the entrance to the defendant's grocery store. The evidence disclosed that there was very little water on the floor immediately after the accident. In upholding the trial court's finding that the defendant was not liable, the court stated:
"It can be reasonably anticipated that on a rainy day people will track water into a public place. We must also remember that the accident in question took place on a Saturday and the testimony indicates that the store was quite busy. Any one person may track in enough water or dirt to cause the next person to slip, dependent upon the condition of the floor surface. There is no showing here that the floor surface was unduly slick or smooth such that any wetness whatever would cause patrons to slip. Upon such a showing even continuous mopping may conceivably be insufficient care. In the absence of such a showing we cannot say reasonable care was not taken."
For the above reasons we affirm the judgment of the trial court.
AFFIRMED.