406 So.2d 720 (1981)
Sylvia PERALTA
v.
SCHWEGMANN BROS. GIANT SUPERMARKETS, INC.
No. 12191.
Court of Appeal of Louisiana, Fourth Circuit.
November 9, 1981.
Writ Denied January 8, 1982.
*721 George R. Blue, Jr., Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, for defendant-appellant.
Roy L. Price, Metairie, for plaintiff-appellee.
Before REDMANN, SCHOTT and KLEES, JJ.
KLEES, Judge.
Defendant-appellant (Schwegmann's) appeals from an adverse judgment in favor of plaintiff-appellee for injuries from a slip and fall.
The issues presented in the appeal are: Whether or not the clean-up procedures in effect at Schwegmann's on the day of the accident were "reasonable" under the then existing circumstances, whether plaintiff was contributorily negligent and whether the award of general damages were excessive. The trial court rejected Schwegmann's contentions, we agree and affirm.
On December 29, 1977, it was raining heavily in New Orleans, and traffic in and out of the store was heavy.
A porterette, Wilma Jackson, was placed at the entranceway to mop up the water tracked in, and she suggested to her supervisor that a sign be posted to warn customers of the danger of falling but this suggestion was rejected. Instead she was told to warn customers about the wet floor and advise them to be careful. The defendants also taped a mat to the floor adjacent to the entrance doors to decrease the chances of customers slipping and falling. The porterette was having a difficult time keeping the water off the floor because of the heavy rain and the number of people coming in the store.
When plaintiff-appellee, Mrs. Peralta, walked in the store, she noticed the porterette standing at the side of the entranceway talking to a security guard. After walking approximately six (6) feet beyond the mat, she slipped and fell on the wet floor.
As a result of this fall, she injured her left elbow, left knee and her right hip.
The applicable law on slip and fall cases was summarized recently in Smith v. Winn Dixie Stores of La., Inc., 389 So.2d 900 (La.App. 4th Cir.1980):
"The jurisprudence reflects the view that upon proof that a foreign substance was on the floor at the time the plaintiff entered the store; that the plaintiff stepped on this foreign substance; and that it caused her to slip, fall, and suffer injury, the burden shifts to the defendant *722 to go forward with the evidence to exculpate itself from the presumption that it was negligent. The defendant as store owner can carry its burden by establishing that it was free from fault, and that it exercised reasonable care in protecting its customers from foreign substances on the floor. Reasonable care is exercised when the store owner takes reasonable protective measures including periodic inspections in order to keep the floors and aisles free of substances or objects that may cause customers to fall. If the evidence presented is sufficient to establish that the store owner has carried its burden, then the presumption of negligence will be rebutted and the defendant will be exonerated from liability. Kavlich v. Kramer, 315 So.2d 282 (La.1975); Gonzales v. Winn Dixie Stores of La., Inc., 326 So.2d 486 (La.1976); Hanzo v. Travelers Ins. Co., 357 So.2d 1346 (La.App. 4th Cir.1978); Hyman v. National Super Markets Inc., 353 So.2d 397 (4th Cir.1977); Green v. Schwegmann's Bros. Giant Supermarkets, Inc., 325 So.2d 621 (La.App. 4th Cir.1976). One other rule which must be considered here is that the storeowner is not the insurer of the safety of its customers and further that it does not have to keep its entranceways, aisles, and passageways in perfect condition, Lott v. Winn Dixie Louisiana, Inc., 280 So.2d 659 (La.App. 4th Cir.1973); Rozelle v. Employer's Liability Assurance Corp., 260 So. 2d 757 (La.App. 2nd Cir.1972).
The trial court in a portion of findings of fact and reasons for judgment found that:
A. Schwegmann's knew its floor was slippery when wet.
B. Schwegmann's was short of help on the day in question.
C. The porterette suggested to the management that a sign be posted to warn entering customers of the danger of slipping on the wet floor, but her suggestion was not accepted or followed.
D. The porterette was engaged in conversation with the security guard at the time of the accident.
E. Neither the guard or porterette recalled verbally warning the plaintiff.
F. The porterette testified that there was a great deal of traffic and she had a difficult time keeping the water off the floor.
G. The stationing of a porter at the door on rainy days, with other duties as well, who failed to warn customers as they entered, was not an adequate remedy for a proven and well known hazardous condition.
The court finally concluded that all of the defendants witnesses were not telling the truth and although defendant attempted to do something, it did not do as much as it could or should to warn its customers or to protect them.
We find these are reasonable inferences by the trial court, and thus not subject to displacement on appeal by other equally reasonable inferences, Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Although defendant argues that plaintiff was contributorily negligent, we find no such facts in the record aside from the observation that it was raining as plaintiff entered the store and plaintiff saw defendant's porterette with a mop and bucket. These facts alone are insufficient to prove contributory negligence. A grocery store patron is under no obligation to make specific observations of the floor before taking each step. Whittaker v. Schwegmann Bros. Giant Super Market, Inc., 334 So.2d 756 (La.App. 4th Cir.1976).
The burden of proving contributory negligence is, of course, upon the defendant and the evidence fails to preponderate in favor of this affirmative defense.
Finally defendant argues that the general damages awarded to plaintiff in the amount of $16,917.00 was excessive. With respect to the award of general damages, each case must be weighed and evaluated according to its own particular facts and circumstances. The Louisiana Supreme Court stated in Reck v. Stevens, 373 So.2d 498, 501 (La.1979):

*723 "Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first not to prior awards but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine the award is excessive."
In this case, plaintiff was treated by her family physician Dr. B. H. Cogdell and Dr. Kenneth Saer, an Orthopedic surgeon. Dr. Cogdell and Dr. Saer both diagnosed Mrs. Peralta's most severe problem as post-traumatic tendonitis. Her treatment consisted of prescriptions for pain and anti-inflammatory medication, physio-therapy and hydrocortisone injections. This treatment was continued for approximately one year. On March 19, 1979, plaintiff underwent an operation on the elbow to attempt to correct her tendonitis. Several months after the surgery Dr. Cogdell found that Mrs. Peralta, who is a beautician, could not perform her duties as such for more than an hour or so before the pain and soreness became so intense she had to stop. She was unable to mop, sweep floors, use the vacuum cleaner or do any significant lifting with her left arm. She can no longer participate in her hobby of knitting and he concluded that she sustained a 50% loss of use of her left arm.
Considering all of the facts and circumstances we find no abuse of discretion in the District Court's award for general damages. Mullin v. Vessier, 400 So.2d 1192 (La.App. 1st Cir.1981).
Accordingly, the judgment of the District court is affirmed. Costs of this appeal are to be borne by defendant.
AFFIRMED.