KLEES, Judge.
On August 22, 1977, at approximately 3:00 P.M., Eleanor Ann Thomas entered a self-service supermarket owned and operated by the defendant. It was raining intermittently during the day and was raining hard at the time she entered the store. Upon entering the store Eleanor turned left and proceeded to take about 10 paces when she slipped on some water which was on the floor and was injured.
The testimony of Eleanor Ann Thomas and the defendant’s store manager indicates that there were only small puddles of water similar to “umbrella drippings” and the usual amount of water which can be tracked into a store by customers and shopping cart wheels on a rainy day.
The store manager, Thomas A. Rickerson, Jr., testified that the normal procedure on a rainy day was to keep the entranceway and the aisles free from debris, to place a mat at the entranceway and to mop this area to keep it dry. Mr. Rickerson testified that on this day he made sure the mat was in place, and he, in fact, mopped the area just five (5) minutes prior to her fall.
Mr. Rickerson declared that he was notified about the accident by his office girl and immediately reported to the accident scene where he stated that he observed only small drippings on the floor which were probably brought in from clothing and shopping carts.
The trial court although sympathetic to the young girl’s accident, was obviously impressed with the testimony of the store manager who had himself mopped the accident area just five minutes prior to the accident and placed a mat in the entrance-way to guard against just this type of occurrence. Additionally, the trial court noted that it would be reasonable for customers to realize that the floor might be slip *522 pery upon coming in from a rain. The victim in this case when asked what caused her to fall stated, “Well, really they had water on the floor, I noticed after I fell but I didn’t bother about looking when I walked in the store because usually they didn’t have water on the floor.”
Thus, the trial court concluded that there was a foreign substance on the floor, i.e., the drippings and that the plaintiff did slip and fall as a result of the foreign substance. This conclusion required the defendant to exculpate itself by showing it exercised reasonable care for the safety of its customers.
Later the trial judge found that the defendant did act substantially in accordance with Gonzales v. Winn Dixie, 326 So.2d 486 (La.1976) and dismissed the plaintiff’s suit; although the court expressed the opinion that it did not agree with Gonzales and the store should be the insurer of the safety of its customers.
The present case is analogous to the decision of this court in Smith v. Winn Dixie, 389 So.2d 900 (La.App. 4th Cir. 1980). The only difference between the present case and Smith is that in the present case the plaintiff slipped and fell about 10 paces from the entranceway of the store (but still in the vicinity of the entrance) and in Smith the plaintiff fell after her initial steps into the store. Beyond this the facts are almost identical and we can find no error in the trial judge’s findings. The judgment of the trial court should be affirmed.
Appellant avers that since two of his witnesses could not attend the trial that he was entitled as of right to a continuance under the latter part of C.C.P.Art. 1602.[1]
However a careful review of the arguments propounded by appellant discloses no abuse of discretion by the trial court.
It would appear that the testimony of these two witnesses, assuming it would be most favorable to the plaintiff, would merely be cumulative and would not alter the results of the trial. Mid South Contractors, Inc., v. Ratcliff, 325 So.2d 375 (La.App. 3rd Cir. 1975) Writ Denied 329 So.2d 463 (La.1976).
Finally it is important to note that the appellant’s attorney was aware of the trial for months and there is no indication in the record that he even attempted to subpoena any of these witnesses.
Generally, it is within the wide discretion of the trial judge to determine that the failure of an unsubpoenaed witness to appear, absent compelling grounds for nonappearance, is not a basis for a continuance.
Finally the appellant claims that the case should have been held open to give the plaintiff-appellant time to take the oral depositions of the two witnesses. This would amount to a discretionary continuance under C.C.P.Art. 1601.
It is a well established rule that the trial judge has wide discretion in acting upon a motion for continuance under C.C.P. Art. 1601. His ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974); Bryer Insurance Agency, Inc., v. Bruno, 261 La. 177, 259 So.2d 55 (1972).
The facts support a conclusion that the trial judge did not abuse the discretion accorded him. This case was continued once and the court then “bent over backwards” to assign the case for July 1, 1980. The appellant and/or his attorney were aware of the trial date months in advance and had ample time to depose either or both of the two witnesses prior to trial. Furthermore, it was not until the day the trial was scheduled that appellant moved for a continuance.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.

. C.C.P.Art. 1602: Peremptory grounds
“A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.