DOMENGEAUX, Judge.
This appeal arises from a slip and fall injury sustained by plaintiff, Doris Ivy, while entering the Giamanco Suburban Garden restaurant in Alexandria. Plaintiff brought suit against the owner, Mike Giam-anco, d/b/a Giamanco Suburban Garden. The trial court rendered judgment in favor of the defendant and dismissed plaintiff’s suit. From this adverse judgment she appeals.
On July 12, 1976, at approximately nine o’clock in the evening, plaintiff, escorted by her companion Mr. Robichaux, went to defendant’s Suburban Garden restaurant. It had rained intermittently during the day and at the time of the accident it was still drizzling.
As plaintiff entered the restaurant through the bar entrance she slipped, causing her to fall backwards onto the tile floor. As a result of the fall, plaintiff fractured her left arm and suffered a vertical fracture of the body of the thoracic vertebra.
Plaintiff admits that due to the pain she was experiencing she did not look to see what was on the floor, but testified that water had soaked through the back and legs of her pantsuit. This testimony was somewhat corroborated by plaintiff’s companion that evening, who testified that his pants were damp in the knee area after kneeling down to assist plaintiff after her fall. The companion further testified that upon entering the lounge he did not observe anything on the floor and did not have any trouble walking in the same area where plaintiff fell.
The question with which we are concerned is whether the defendant breached his duty to provide a safe place for customers by keeping the entrance to the restaurant-bar in a reasonably safe condition. Rozelle v. Employer’s Liability Assurance Corp., 260 So.2d 757 (La.App. 2nd Cir. 1972).
James R. Graham, a patron of the bar, witnessed the entire incident and through his own volition had taken notes of the accident. He testified that it appeared that the plaintiff was rushing to enter the lounge to get out of the drizzling rain. Mr. Graham further testified that before leaving the lounge he stopped and inspected the area where the fall occurred. He found the floor was not slippery and that there was no indication of any wetness.
Miss Stroud, an employee of the restaurant testified that after plaintiff fell she inspected the area and found no water on the floor. Her testimony was further corroborated by another fellow employee.
As previously noted, even the plaintiff said that she could not testify as to the amount of the alleged water on the floor as she was in pain and did not observe the area in which she fell. All that is testified to by the plaintiff and her companion concerning the amount of water is that the backside of her pantsuit was damp. It is evident that the trial judge did not feel that the testimony was sufficient to preponderate over the positive testimony of defendant’s witnesses to the general effect that there was no foreign substance on the floor when plaintiff slipped and fell.
The trial court concluded that the evidence indicated that the cause of plaintiff’s slip and fall was plaintiff’s own wet shoes and a hurried attempt to enter the restaurant to avoid the drizzling rain.
A trial court’s factual determinations will be given great weight on appellate review and.will not be disturbed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
We find no manifest error in the trial court’s conclusions. There is sufficient evidence in the record to confirm those conclusions.
The judgment is affirmed at appellant’s costs.
AFFIRMED.
LABORDE, J., dissents and assigns reasons.