LABORDE, Judge,
dissenting.
I respectfully dissent. In my opinion the trial judge was clearly wrong when he concluded that: “This Court, based upon the testimony offered at trial, finds no preponderating evidence that any foreign substance existed on defendant’s floor. Moreover, there is no preponderating evidence that the cause of plaintiff’s slip was anything other than the plaintiff’s own wet shoes.”
Plaintiff testified without contradiction that after she slipped and fell, her pants suit was wet and soiled on the back of her legs and on her rear. Her companion testified that his knees were soaked when he knelt down to assist plaintiff after her fall. This was positive evidence that was passed over by the lower court which instead chose to accept the suspect testimony of a beer-drinking bar patron (Mr. Graham) who on his own, began taking notes as plaintiff was writhing in pain.
The defendant had the duty to exercise ordinary care and prudence to keep its floors, aisles, entranceways and passageways in a reasonably safe condition for the customers. This duty includes an obligation to employ reasonable inspection and cleanup procedures to see that these areas are free from extraneous substances which increase the hazard of ordinary use by its patrons. Rozelle v. Employers Liability Assurance Corporation, 260 So.2d 757 (La.App. 2nd Cir. 1972), writ refused, 262 So.2d 45 (1972).
In discharging this duty, defendant could have placed a protective mat at the entrance, mopped the water, posted warning signs, applied anti-slip compound, etc. — any of which, when compared to the risk of injury faced by plaintiff and the exposure faced by defendant, is slight and inexpensive. See Williams v. Winn Dixie of Louisiana, Inc., 393 So.2d 680 (La.1981); and Edwards v. Piggly Wiggly Operators, 401 So.2d 493 .(La.App. 2nd Cir. 1981).
For the above reasons, I respectfully dissent.