LANIER, Judge.
This is a suit for damages in tort alleging that the plaintiff slipped, fell and injured himself in the defendant’s store. The trial court ruled that the defendant was not liable for the plaintiff’s damages. This devol-utive appeal followed.
I. FACTS
On Sunday, January 7,1979, the National Tea Company d/b/a National Super Markets (National) operated a store known as National Food Store # 37 on West Main Street in the City of Houma, Parish of Terrebonne, Louisiana. A light rain commenced to fall at approximately 6:00 A.M. and continued until the plaintiff, Eugene McGuire, went to the National store at approximately 10:00 A.M. When McGuire was in the entranceway of the National store, he slipped and fell in some water which apparently had been tracked into the store by previous customers.
On January 11,1979, McGuire was examined by Dr. Richard Landry and gave a history of having pain in his left knee for approximately three months. Dr. Landry examined McGuire’s knee and diagnosed his condition as an internal derangement of the knee. On January 17, 1979, McGuire was admitted to the Terrebonne General Hospital and gave Dr. Landry a history of having pain and swelling in his knee as a result of a fall at a local store. Surgery performed on McGuire’s left knee revealed a torn medial meniscus (cartilage) which was removed. McGuire was released from the hospital on January 20, 1979. On April 17, 1979, McGuire was discharged from medical treatment to return to work with no permanent partial physical impairment.
II. LIABILITY OF NATIONAL
The law applicable in this case is accurately set forth in Smith v. Winn Dixie Stores of Louisiana, Inc., 389 So.2d 900, 901 (La.App. 4th Cir.1980), as follows:
“The jurisprudence reflects the view that upon proof that a foreign substance was on the floor at the time the plaintiff entered the store; that the plaintiff stepped on this foreign substance; and that it caused her to slip, fall, and suffer injury, the burden shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that it was negligent. The defendant, as store owner, can carry its burden by establishing that it was free from fault and that it exercised reasonable care in protecting its customers from foreign substances on the floor. Reasonable care is exercised when the store owner takes reasonable protective measures, including periodic inspections, in order to keep the floors and aisles free of substances or objects that may cause customers to fall. If the evidence presented is sufficient to establish that the store owner has carried its burden, then the presumption of negligence will be rebutted and the defendant will be exonerated from liability. Kavlieh v. Kramer, 315 So.2d 282, (La.1975); Gonzales v. Winn-Dixie Louisiana, Inc., 326 *1317 So.2d 486 (La.1976); Hanzo v. Travelers Ins. Co., 357 So.2d 1346 (La.App. 4th Cir.1978); Hyman v. National Super Markets, Inc., 353 So.2d 397 (La.App. 4th Cir.1977); Green v. Schwegmann Bros. Giant Supermarkets, Inc., 325 So.2d 621 (La.App. 4th Cir.1976). One other rule which must be considered here is that the storeowner is not the insurer of the safety of its customers and further that it does not have to keep its entranceways, aisles and passageways in perfect condition. Lott v. Winn-Dixie Louisiana, Inc., 280 So.2d 659 (La.App. 4th Cir.1973) [sic]; Rozelle v. Employers’ Liability Assurance Corp., 260 So.2d 757 (La.App. 2d Cir.1972).”
The trial judge in his excellent written reasons for judgment made the following observations:
“According to the evidence, plaintiff entered defendant’s store at about 10:00 a.m., at a time when a slow drizzling rain was falling. Plaintiff and his witness, Joe Williams testified that as they entered the store, a large mat was on the floor, no ‘Caution’ signs were visible and they were talking together. When plaintiff had walked perhaps three or four feet, he turned to his left and as he turned, he slipped. Plaintiff further stated that he slipped in water and he also observed that the floor was ‘tracked’ from other persons walking into the store; and when he slipped, he fell on his left knee causing him to sustain serious and disabling injuries.
“Mr. Vincent Sagona, National Super Market’s store manager, testified that the incident giving rise to this suit occurred on a Sunday morning. He was on duty and he had assumed responsibility for preparing the store entrance safety by placing a mat having dimensions of three feet by four feet at the entrance immediately inside the store. He had placed a sign stating ‘Caution Wet Floor’ near the entrance and had mopped the floor and had his mop and bucket nearby, so that he could mop up the floor frequently. In fact, Mr. Sogona stated that he had mopped the entire area from the door mat the [sic] the approximate area where plaintiff fell, and beyond approximately fifteen to twenty minutes prior to the slip and fall accident.

“In this case, it was established that a foreign substance (water) was on the floor of defendant’s store and it was more probable than not that stepping on a wet area caused him to slip and fall. Consequently, under our jurisprudence, the burden shifted to defendant to rebut this presumption of its negligence. This court is of the opinion that the defendant did discharge this burden.

“To require a storekeeper to keep a floor completely dry during a time of rain or to hold him responsible for every slick place due to tracked-in rain water would impose an unreasonable standard of care and would, in effect, make him an insurer of the customer’s safety. Clearly his [sic] is not required. Further, this court is of the opinion that the warning sign posted gave the plaintiff adequate notice, if such was needed, that a slippery condition could be expected and it was incumbent upon him to exercise care. Plaintiff stated he did not see any warning signs, nor did Joe Williams. This court feels that they were in conversation and this distracted both from seeing what they should have seen.”
The evidence shows that Vincent Sa-gona, the co-manager for the National store, personally put two floor mats at the entranceway of the incoming door of the store, put one floor mat at the exit (outgoing) door, placed a sign on the left side of the incoming doorway that contained the words “Caution-Wet Floors”, put a mop and bucket by the incoming doorway and mopped the area as needed every fifteen to twenty minutes. Compare Thomas v. Winn Dixie Louisiana, Inc., 407 So.2d 520 (La.App. 4th Cir.1981) and Smith v. Winn Dixie Stores of Louisiana, Inc., supra, with Peralta v. Schwegmann Bros. Giant Supermarkets, Inc., 406 So.2d 720 (La.App. 4th Cir. *1318 1981), writ denied 410 So.2d 762 (La.1982) and Edwards v. Piggly Wiggly Operators Warehouse, Inc., 401 So.2d 493 (La.App. 2nd Cir.1981). We have carefully reviewed the transcript and the evidence and cannot say that the trial judge was clearly wrong in his factual finding that the defendant successfully rebutted the presumption of negligence. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
III. MOTION FOR NEW TRIAL
McGuire sought a new trial on two grounds: (1) Lack of evidence to support a finding of contributory negligence; and (2) newly discovered evidence.
McGuire’s claim that there was insufficient evidence to support a finding of contributory negligence lacks merit because the trial judge based his decision on the factual finding that National successfully rebutted the presumption that it was negligent and thus exonerated itself from liability. The trial judge did not specifically find, as a matter of fact, that McGuire was con-tributorily negligent.
McGuire also alleged in his application for a new trial that on September 22, 1981, in the matter of Mary Sneeze v. National Super Markets, No. 51,909, on the docket of the Thirty-Second Judicial District Court, the porter and maintenance man for the National store testified that he had been employed by National for twenty-three years, that he had been employed in the Houma store for the past ten years, that the cleanup policy of the store was not of a determinative nature but was on an “as needed” basis, and that no particular person was given the specific responsibility for watching for water at the entrance to the store or keeping it dry during rainy days. In order to secure a new trial, the mover has the burden of showing that the newly discovered evidence would tend to change the result of the first trial. Baltzar v. Missouri Pacific Railroad, 406 So.2d 324 (La.App. 3rd Cir.1981); Cable v. Cazayou, 351 So.2d 797 (La.App. 1st Cir.1977). This newly discovered evidence deals with the general cleanup policy of the National store. In the instant case, the trial judge accepted as fact the testimony of Vincent Sagona showing what he specifically did on the day in question. In this posture, the evidence concerning the general cleanup policy of the store is of marginal relevance and would not change the result.
IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellant’s costs.
AFFIRMED.