WATKINS, Judge.
This is a case arising from an accident that occurred in Houma, Louisiana. Mary Sneeze is suing National Super Markets, Inc. in negligence for injuries she sustained when she allegedly slipped and fell in some water on the floor of the National Super Market Store on East Main Street in Hou-ma. The trial judge found no negligence on the part of the defendant and ruled in the defendant’s favor.
On September 27,1976, the plaintiff went to National Super Market to buy groceries for her family.' She entered the store through an automatic door which was activated by stepping onto a recessed rubber mat running from immediately outside the door to immediately inside the door. After entering the store, she proceeded toward the shopping buggies to the right of the door, but after her first or second step off the recessed mat onto the asbestos tile flooring of the supermarket premises, the plaintiff fell and injured her left knee. She suffered a torn meniscus of the left knee for which surgery was performed on January 17, 1977.
On appeal the plaintiff contends the trial judge erred in finding the supermarket exercised the required standard of care to prevent the accident.[1] The trial court’s finding that the plaintiff’s fall was not caused by any foreign substance on the defendant’s floor is supported by the evidence.
According to the testimony of three employees of the defendant who inspected the area, immediately after the fall, there was no foreign substance on the defendant’s floor. Mrs. Sneeze also testified that she detected no foreign substance on the floor. Mrs. Sneeze came from outside where it had been raining and puddles of water were standing. Her own shoes were wet and could have easily been the cause of her fall.
When there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb its factual finding in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*213 Further, we find that even if the entrance had been wet, and was the cause of the plaintiff’s fall, the defendant breached no duty to the plaintiff or to the other customers.
The record reveals that the defendant took every possible precaution. Because it was raining outside, the defendant kept a mop and bucket available to the entrance area, and placed signs which read “Caution Watch Your Step” at the entrance to the store. The employees mopped the entrance frequently. The entrance had been mopped 15 minutes prior to the plaintiff’s fall. The defendant’s employees were continuously observing the area to see if it needed mopping. A store owner is not an insurer of the safety of its customers and does not have to keep its entranceways, aisles, and passageways in perfect condition. It can be reasonably anticipated that on a rainy day people will track water into a public place. Smith v. Winn Dixie Stores of Louisiana, Inc., 389 So.2d 900 (La.App. 4th Cir.1980). The defendant did everything which could reasonably be expected to maintain safe conditions.
For the foregoing reasons the judgment of the trial court is hereby affirmed in all respects, plaintiff to bear all costs of this appeal.
AFFIRMED.

. The plaintiff also contends the trial judge erred in finding contributory negligence on the part of the plaintiff. However, the trial judge made no such finding. The trial judge’s failure to place liability on the defendant was based solely on the defendant’s freedom from negligence, and not on any acts of contributory negligence on the part of the plaintiff.