WARD, Judge.
Pearlie Ratliff injured her hip, knee and hand when she slipped and fell on a liquid in front of the cashier counter in a K & B drugstore. Ratliff sued K & B in First City Court for her injuries. After trial, the Trial Judge rendered judgment in favor of K & B, dismissing Ratliff’s suit at her cost. Ratliff appeals. We affirm.
On June 4, 1984, Ratliff entered a K & B drugstore, in Marrerro, Louisiana at approximately 9:15 p.m. She waited in line at the cashier counter to purchase a money order. As she turned to leave the counter she slipped on what she described as dirty water, fell and sustained injuries. Robert Ernest, Jr., a customer who witnessed the fall and aided Ratliff, testified that he assumed the liquid was water in which people had walked.
Evelyn Lavada, the cashier at the counter where Ratliff fell, called the manager immediately and assisted Ratliff. Noticing a puddle of liquid in front of the counter, Lavada inspected water bottles which were displayed nearby to see if any had leaked, but she found no leakage. She then covered the puddle with a “wet” sign so that no one else would step in it.
Five to ten minutes before Ratliff fell, Lavada passed in front of the counter to verify the price of an item. Although she saw nothing on the floor at that time, she *1063 did observe two small children in front of the counter.
Lavada also testified that by K & B safety policy, all employees are trained and required to maintain constant observation of the floor to detect potential hazards whenever they walk around the store. The manager is specifically charged with patrolling the store to detect hazards.
Steve Loyola, the acting store manager on the night Ratliff fell, confirmed that he is required to patrol the store at least once every half-hour to check for hazards on the floor and to enter in a log book the time of his patrol.
Five to ten minutes before Ratliff fell, Loyola also passed in front of the counter, observed the floor, and did not see any liquid there. Loyola also examined the water bottles for leakage and found none. Upon close examination of the substance, however, Loyola determined it was urine.
On appeal, Ratliff argues that the Trial Court erred in ruling in favor of K & B because the evidence clearly indicated that K & B’s negligence caused her injury.
When a plaintiff proves, as Ratliff did in this case, that she sustained an injury by slipping and falling on a foreign substance on the floor of a store, the burden of proof shifts to the store owner to exculpate itself from a presumption of negligence. To do so, the storeowner must first prove that it exercised such a degree of care that it would have known under most circumstances of a hazard caused by customers, and then it must prove that its employees did not cause the hazard. McCardie v. Wal-Mart Stores, Inc., 511 So.2d 1134 (La.1987); Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984). Because a store does not insure the safety of its customers, the existence of a spill causing an injury does not, by itself, prove that the store failed to exercise due care. Smith v. Winn-Dixie Stores of Louisiana, Inc., 389 So.2d 900 (La.App. 4th Cir.1980).
The testimony shows that K & B has a safety procedure by which it trains all of its employees to maintain a constant lookout for hazards in its stores. The testimony of K & B’s cashier and store manager also shows that K & B exercised reasonable care to detect and clean up spills within a reasonable time of their occurrence. In this case the cashier and manager observed the area where Ratliff fell minutes before she fell and saw no liquid on the floor. K & B’s safety procedures, established to detect and clean-up spills, are reasonable, and demonstrate K & B exercised reasonable care to discover hazards caused by spills.
In exculpating itself from the presumption of negligence, the store owner must also prove that its employees did not cause the spill. Through the testimony of the manager and the cashier, K & B has met its burden of proof. The accident occurred in a place where customers, or their children, pass. Because Loyola was the only person who closely examined the substance, even smelling it, we find no reason to dispute his identification of the liquid as urine.
K & B successfully exculpated itself from the presumption of negligence both by proving that it exercised reasonable care such that it would have known, under most circumstances, of a hazard caused by a customer and K & B has proven that its employees did not cause the hazard. We find no error in the judgment rendered in favor of K & B. The judgment is affirmed, and all costs of the appeal are assessed to Ratliff.
AFFIRMED.