382 So.2d 278 (1980)
Lloyd Robert MOFFETT, Jr.
v.
Mary LUMPKIN et al.
No. 10873.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
*279 Monte J. Ducote, New Orleans, for plaintiff.
Alexander C. Cocke, Jr., New Orleans, for defendants.
Before SAMUEL, REDMANN and HOOD, JJ.
REDMANN, Judge.
Awarded by the jury a total of only $15,000 for facial scarring (from breaking an automobile windshield with his head), a deep laceration of the knee, $2,763 medical expenses (including emergency room suturing by a plastic surgeon, later surgical revision and finally dermabrasion) and $2,442 claimed as lost wages, plaintiff appeals.
We sympathize with plaintiff; general damages of about $10,000 is towards the low end of the range for his many small facial scars shown by the photographs in evidence, for a scar on his leg, and for his pain and suffering. But we cannot articulate any abuse of the jury's "much discretion" under C.C. 1934(3); Reck v. Stevens, La.1979, 373 So.2d 498.
Plaintiff's complaint that the judge should have let the jury know defendants' insurance policy limits is impliedly answered by Guy v. Tonglet, La.1980, 379 So.2d 744, 747:
Should a defendant raise the issue of his inability to pay a judgment, in defense or in mitigation, he has put his financial status at issue and the plaintiff is entitled to be prepared to present evidence in opposition. His financial status is otherwise irrelevant.
Affirmed.
SAMUEL, J., concurs.
SAMUEL, Judge, concurring.
In my view the general award for pain and suffering is so inadequate as to require an increase. However, I agree that we cannot increase under the guidelines set out in Reck v. Stevens.
Accordingly, I respectfully concur.