400 So.2d 1192 (1981)
Charles B. MULLIN, Sr.
v.
Ellis VESSIER.
No. 14116.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
Roy K. Burns, Jr., Covington, for plaintiff-appellant.
Julian J. Rodrigue, Covington, William P. Golden, Jr., La Place, for defendant-appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiff, Charles B. Mullin, Sr., filed this civil action for himself and on behalf of his minor son, Charles B. Mullin, Jr. (hereinafter referred to as Charles). He seeks recovery of general and special damages resulting from the battery of Charles by another boy, Ted Vessier. Plaintiff named as defendants Ellis Vessier, father of Ted, and Security Insurance Group of Hartford, Connecticut, insurer of Ellis Vessier.
After trial on the merits, judgment was rendered in favor of plaintiff and against both defendants, in solido, for five thousand dollars in general damages plus special damages. Plaintiff appealed, alleging error in the amount of general damages awarded. Plaintiff submits that the district court erred in failing to award damages for embarrassment and humiliation and in awarding an inadequate amount in general damages.
The judgment herein awards general damages of five thousand dollars, without itemization. Seldom, if ever, are the various elements of general damages itemized and an award made for each element. Ogaard v. Wiley, 325 So.2d 642 (La.App. 3rd Cir. 1975). Such itemization is not required. Chaisson v. J. Ray McDermott & Co., 324 So.2d 844 (La.App. 1st Cir. 1974), writ denied, 328 So.2d 86 (La.1976). The peculiar facts related to each item must indicate support for the total award. Ogaard v. Wiley, supra. It cannot be said that the district court omitted consideration of any particular items in reaching its decision on *1193 the total award for general damages in this case. Therefore, we turn to an examination of the record to review the district court's total award for general damages. In so doing, we remain cognizant of the various items which may indicate support for the total award, including embarrassment and humiliation.
On the night of February 3, 1979, Charles and several friends attended a movie. They were waiting outside the theater for a ride home when Ted Vessier approached Charles and hit him in the upper right quarter of his face. The blow knocked Charles against a window and he slumped to the ground, temporarily unconscious. When he got up, his face was numb; he could not feel anything. He and his friends walked to a drug store. By this time, he was in considerable pain. A friend's mother took him to the hospital, where he was examined and given medication for pain.
The next day, he was examined by Dr. James L. Bradford (ear, nose and throat surgeon). Dr. Bradford recommended surgery after the swelling subsided. During the operation, a temporary balloon was inserted into Charles' sinus cavity.
Charles testified that people made fun of him and that he experienced considerable pain before and after surgery, in spite of pain medication. He missed two weeks of school and his other activities were quite curtailed. Family members also testified that Charles evidenced pain and embarrassment.
Charles claimed that he failed the eighth grade because of his injury. However, as the district court noted in written reasons for judgment, Charles' report card indicates that his grades were poor prior to the injury.
Regarding the cosmetic effects of the surgery, Charles stated that he had one scar covered by his eyebrow and another scar so close to his eye that "you can't really see it."
Dr. Bradford's deposition was submitted in lieu of his testimony at trial. He stated that he first examined Charles on February 5, 1979, and diagnosed his injury as a right trimalar fracture, with swelling and bruising around the right eye. He referred Charles to Dr. Ferry for ophthalmologic consultation and Dr. Ferry reported that there had been no damage to Charles' eye.
Dr. Bradford recommended surgery, which was performed on February 13, 1979. Three fracture sites were repaired. Stainless steel wire was permanently inserted in the face, from which, Dr. Bradford states, Charles experiences no disability. A surgical balloon was temporarily inserted. Dr. Bradford testified that the balloon may have caused some discomfort but that it would not interfere with nasal breathing.
Charles was examined by Dr. Bradford several times in the hospital. Dr. Bradford noted that he was given medication for pain, that he was alert and doing well, and that he had the usual amount of swelling. Charles was discharged from the hospital on February 17, 1979.
Dr. Bradford examined Charles on three occasions thereafter. On February 23, the balloon was removed. Dr. Bradford noted that the swelling had subsided and there was "good cosmesis." On March 17, Dr. Bradford noted "excellent cosmesis and no problems." On July 13, 1979, Dr. Bradford stated that the injury was well healed, that the surgery results were very good, and that Charles had no complaints.
Overall, Dr. Bradford's testimony indicated that Charles' surgery and recovery were normal in every way. Regarding possible permanent effects of the injury, he stated that Charles had no functional or cosmetic disability, except two small scars which are not noticeable.
With respect to the award of general damages, each case must be weighed and evaluated according to its own particular facts and circumstances. In Reck v. Stevens, 373 So.2d 498, 501 (La.1979), the Louisiana Supreme Court stated:
"Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances *1194 of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
* * * * * *
"Thus, the initial inquiry must always be directed at whether the trier court's award for the particular injuries and their effects upon this particular injured person is, a clear abuse of the trier of fact's `much discretion,' La.Civ.C. art. 1934(3) in the award of damages. It is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review, for articulated reason, be considered either excessive, Carollo v. Wilson, 353 So.2d 249 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977), or insufficient, Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967). Only after such determination of abuse has been reached, is a resort to prior awards appropriate under Coco for purposes of then determining what would be an appropriate award for the present case.
"In the initial determination of excessiveness or insufficiency, an examination of prior awards has a limited functionif indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) `similar' injuries, see Coco [Coco v. Winston Industries, Inc., 341 So.2d 332] at 341 So.2d 334."
Considering all of the facts and circumstances, we find no abuse of discretion in the district court's award for general damages. See Moffett v. Lumpkin, 382 So.2d 278 (La.App. 4th Cir. 1980).
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be borne by plaintiff.
AFFIRMED.