BARRY, Judge.
This tort suit involves a pedestrian-automobile accident which occurred at the intersection of O’Keefe and Gravier streets in downtown New Orleans. Plaintiff was carrying his grandchild and his wife and child were walking behind when he attempted to cross the street and was struck by defendant’s vehicle. A jury awarded plaintiff $3,000.00 general damages, $4,600.00 lost wages and $110.00 medical expenses. Defendants appeal urging plaintiff was contributorily negligent and failed to meet his burden of proof.[1]
Plaintiff stated he was crossing the street in the walking lane of O’Keefe and defendant’s vehicle was stopped “right at the walking place ... too far in the street”. He said traffic was stopped for a red light and defendant was racing his motor and “took off” against the red light. The bumper struck plaintiff, knocked him to the street, after which the vehicle continued for half a block until the defendant was flagged down by a parking lot attendant. Plaintiff said defendant went back to the scene and explained he thought his car was in neutral when he attempted to race the motor, but the car was in drive. Defendant presented no evidence to contradict plaintiff’s version of the accident.
Defendant argues plaintiff was contributorily negligent by proceeding across the street knowing defendant was racing his motor with the vehicle partially in the crosswalk. We disagree. There is nothing to contradict plaintiff’s statement that defendant crossed against a red light and this negligence was the cause of plaintiff’s injuries. A motorist has a burden to use more than ordinary care to see what is ahead when approaching a pedestrian crosswalk. A pedestrian’s right of way in a crosswalk is provided by statute. See LSA-R.S. 32:212(A). Under this factual situation contributory negligence, even if it existed, (which it doesn’t) cannot bar plaintiff’s recovery. Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978).
Plaintiff was the only witness regarding his injuries and claim for damages. He testified the defendant drove him to Charity Hospital immediately after the accident. His complaints included a severe bruise of the left foot and contusions of the left leg and thigh. Three days later he saw his personal physician who took x-rays, prescribed pain pills and a muscle relaxant, and advised use of heat treatment at home. Three months after the accident his leg was still swollen with pain, he could not drive, and was unable to walk. Plaintiff referred to a medical bill for $110.00 which listed seven office visits over an eight month period.
Regarding lost wages, plaintiff testified he worked for $5.02 per hour at a sugar refinery in Houma and missed approximately 23 weeks of work. He stated the time he missed covered the harvest season when he worked 16 hours a day, 7 days a week, and earned overtime in excess of 40 hours per week. On cross examination he was asked if he had any medical proof of his inability to work and replied he had given a letter to his supervisor but did not retain a copy. Once again defendants assert this testimony without corroborating evidence is insufficient to establish lost wages.
*36 A claim for loss of earnings need not be proven with mathematical certainty, but only by such proof as reasonably establishes the claim. A claimant’s testimony, standing alone, may be sufficient if accepted as truthful. “The standard applied in such cases is the ‘more-probable-than-not’ standard, and even in cases where the proof consists primarily of the claimant’s uncorroborated testimony, this proof is entitled to great weight where the claimant’s testimony is uncontradicted.” Ainsworth v. State Farm Automobile Insurance Company, 399 So.2d 1242 (La.App. 3rd Cir. 1981). at pp. 1244, 1245.
Defendants also argue plaintiff’s petition did not specify or pray for lost wages; however, there was no timely objection to this testimony when it was presented during trial and the pleadings were therefore enlarged. After the jury rendered its verdict, defendant objected to the testimony on lost wages, but the objection was properly overruled as obviously untimely.
During trial defendants objected when plaintiff was asked the amount of his medical bill and objected when the bill was introduced into evidence. Plaintiff used the bill to refresh his memory on dates when he received treatment, but plaintiff’s identification of the bill without further evidence to establish its authenticity was clearly wrong. Therefore, $110.00 awarded for medical expenses was improperly included in the jury award.
Defendants argue plaintiff did not establish his case by a preponderance of evidence and his uncorroborated version of the facts was insufficient. However, since only plaintiff testified without contradiction there is no question he met the preponderance standard if his testimony is creditable. Whether his testimony was sufficient to establish defendant’s negligence and prove damages was a question for the jury’s consideration.
We are satisfied plaintiff proved by a preponderance, though minimally, each necessary element of his case, i.e., fault, causation, and damages. We feel plaintiff proved with sufficiency, taking the evidence as a whole, his injuries and resultant damages were more probable than not and conclude the jury’s verdict was reasonable.
The award of $110.00 for medical expenses is reversed and set aside; the balance of the district court judgment amounting to $7,600.00 is affirmed with defendants to pay all costs of appeal.
REVERSED IN PART; AFFIRMED IN PART.

. Defendants also complain because the lower court refused to give four requested jury charges, but we find no abuse of discretion.