GARRISON, Judge.
The case at hand is one in which this court, although in disagreement with a judgment in favor of the plaintiff, is not free to replace that conclusion as to liability with its own opinion. Following our review of the record, it was the conclusion of each member of this panel that the judgment as to liability was tenuous indeed. However, the facts presented did not support the conclusion that the jury’s decision amounted to manifest error.
It is true enough that the defendant, unlike the plaintiff, bears no initial burden of proof. However, once the plaintiff presents some evidence of a fact, the burden shifts to the defendant to respond to such evidence. Just as this case may be said to stand for the primacy of the jury’s opinion as the finder of facts, it also may be said to stand for the proposition that the defendant may not disregard the course of the trial so casually as to remain free of any obligation to produce sufficient evidence in response to the plaintiff.
Thus, while this plaintiff’s case may be classic in its minimal presentation of evidence with regard to the defendant’s claimed negligence, we are forced to find that there was presented a sufficiency of evidence from which the jury reasonably could have reached its conclusion as to liability. Although we would not have reached the same judgment which the jury rendered for plaintiff, we cannot conclude that manifest error occurred. Accordingly, we have no alternative but to affirm the judgment.
The plaintiff in this’case, Lester Hubbard, Jr., was injured on January 31, 1984 by way of falling off a ladder while performing roofing work on a house owned by the defendant, Mervin Rudolph, located at France and Burgundy Street in New Orleans, Louisiana. Plaintiff sued the defen *644 dant for damages, alleging that this accident was caused by defendant’s negligence in failing to properly maintain his house and surrounding property. Plaintiff later amended his petition to include as a defendant Rudolph’s liability insurer, Continental Casualty Company.
After trial, the jury found that the defendant was negligent and that his negligence was the proximate cause of plaintiff’s injuries. The jury also found that the plaintiff was not contributorily negligent. The trial judge accepted the findings of the jury and rendered judgment for plaintiff and against defendants Rudolph and Continental Casualty in the amount of $750,000.00 together with legal interest from date of judicial demand and all costs. Defendants’ subsequent motion for judgment notwithstanding the verdict, remittitur and/or new trial was denied by the trial judge. Defendants now appeal.
On appeal, the defendants argue that the trial judge was manifestly erroneous in finding defendants negligent and in finding the plaintiff free from fault in this accident. Appellants argue that there was not enough evidence to support the jury verdict with regard to negligence on the part of the defendant and the damages awarded the plaintiff. This court, however, believes that there was evidence presented upon which the jury could have based its decision, however scant it may have been.
The appellee testified that this accident occurred when, after inspecting ridge tiles on appellant Rudolph’s roof, he stepped back onto the ladder which shifted and caused him to fall and sustain serious injuries, including a severe paralysis which required extensive rehabilitation. He claimed that the accident in question was caused by faulty gutter attachment to appellant Rudolph’s building.
The medical testimony presented at trial included that of a Veterans Administration neurologist who examined the appellee two years after the accident and determined that he was disabled for Veterans Administration purposes and would likely never be able to return to his work as a roofer. The only other medical testimony came from a Veterans Administration psychiatrist who examined the appellee two years after the accident and diagnosed appellee as suffering from chronic nervousness as a result of the accident.
While it is true that the evidence presented on behalf of the appellee was less than compelling, the appellants did not present any evidence which contradicted the appel-lee’s presentation. As such, the appellee has established his case by a preponderance of the evidence if his testimony was creditable. Thomas v. Lea, 418 So.2d 34 (La.App. 4th Cir.1982). The sufficiency of his testimony to establish defendants negligence and to prove the damages was a question for the jury’s consideration. Thomas v. Lea, supra. Here it is apparent that the jury in this case found the appel-lee’s testimony to be creditable and sufficient.
As there is some evidentiary basis upon which the jury could have based its findings this court is unable to find that there was a clear and compelling case of error. Therefore, we are forced to affirm the finding of negligence on the part of appellant.
We cannot, however, reach the same conclusion with regard to the issue of quantum. In determining quantum, each case must be viewed in light of its own particular facts and circumstances. Peralta v. Schwegmann Bros. Giant Supermarkets, Inc., 406 So.2d 720 (La.App. 4th Cir.1981), writ denied 410 So.2d 762 (La.1982). Here the plaintiff presented a bare minimum of evidence in support of the judgment which was granted him. We believe that this scarcity of evidence requires that plaintiff's award be reduced to $250,-000 as the largest amount which could reasonably be found for a plaintiff in these circumstances.
AFFIRMED.