517 So.2d 1237 (1987)
Ernest C. ANNIS
v.
Nanette SHAPIRO, et al.
No. CA-7315.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1987.
Raymond C. Burkart, Jr., New Orleans, for plaintiff-appellant, Ernest C. Annis.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendant-appellee, Nanette Shapiro, et al.
Before KLEES, CIACCIO and ARMSTRONG, JJ.
KLEES, Judge.
This suit arises from an accident in which the plaintiff, Ernest Annis was injured while draining the swimming pool of the defendants', Lester and Nanette Shapiro. Plaintiff filed suit against the Shapiros and their liability insurer, Commercial Union Insurance Company. The defendants moved for and were granted a summary *1238 judgment. Plaintiff appeals from that judgment.
Plaintiff has serviced and cleaned swimming pools in the New Orleans area since 1970. Since 1975, he has serviced and cleaned once a week the Shapiro's swimming pool. As the pool man, he would vacuum the pool to keep it free from leaves and other foreign matter. He also treated the pool with acid and chlorine to keep it free from algae. In January of 1985, plaintiff noticed that the pool water level was dropping due to a water leak. He recommended that the defendants turn off the pump to keep its motor from burning up. They did so. Part of the function of the pump was to assist in cleaning the pool.
Between January, 1985 and May, 1985, plaintiff continued to clean the pool on a weekly basis. He skimmed the pool for leaves and treated it with chemicals. Plaintiff then recommended to the defendants that the water be pumped out of the pool in order to repair the leak so the pool would be ready for summertime use.
On May 5, 1985, the day of the accident, plaintiff and his son-in-law, Doug Diutto, pumped the water out of the pool. With approximately a foot of water left in the deepest part of the pool, plaintiff went down into the pool to remove the drain grill in order to pump out the remaining water. He removed the grill, put the pump hose in the drain and as he took a step back up the rounded inclined floor of the pool he slipped and fell injuring himself. This suit followed.
In his appeal, plaintiff argues that the defendants were negligent for failing to timely repair their swimming pool, thereby causing an unreasonable accumulation of leaves, slime and algae. He also argues that they were negligent in failing to warn him of this unreasonable accumulation of foreign matter in the pool. He argues that the defendants had a duty to provide a safe work environment for him and that they breached this duty. Finally, he argues that the defendants were strictly liable under L.S.A. Civil Code Articles 2317 and 2322.
Louisiana jurisprudence indicates that in a tort action the courts are to apply a "duty-risk" analysis to determine whether a defendant's conduct was the legal cause of the plaintiff's injury. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972). The court in Thomas v. Hanover Insurance Co., 321 So.2d 30 (La. App. 3rd Cir.1975) explained that under the duty-risk method, there are usually the following inquiries: (1) What, if any, duty was owed by the defendant to plaintiff? (2) Was there a breach of the duty? (3) Was that breach a substantial cause in fact of the injury? (4) Was the risk and harm within the scope of the protection afforded by the duty breached? Jones v. Robbins, 289 So.2d 104 (La.1974). Hill v. Lundin & Associates, Inc., supra. Whether a defendant owes a plaintiff a legal duty is a question of law. Whether a defendant has breached a duty owed is a question of fact. Chavez v. Noble Drilling Corp., 567 F.2d 287 (5th Cir.1978).
The duty owed by a landowner to a guest such as the plaintiff was set forth in Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3rd Cir.1976), writ refused, 342 So.2d 216 (La.1977); wherein the court stated:
"... (T)he landowner owed plaintiff a duty to discover any unreasonably dangerous condition on the premises and to either correct the condition or warn him of their existence. Shelton v. Aetna Casualty and Surety Company, supra; Natal v. Phoenix Assurance Co., 305 So.2d 438 (La.Sup. Ct.1974); Foggin v. General Guaranty Insurance Co., 250 La. 347, 195 So.2d 636 (1967)." Assuming the facts as alleged by Mr. Annis, we must determine whether the defendants owed him a duty to discover and correct any unreasonably dangerous conditions on their property, i.e., the accumulation of algae, slime and leaves on the bottom of the pool, or at least warn plaintiff of their existence.
A landowner must exercise reasonable care for the safety of persons on or around his property. Owen v. Kerr McGee Corporation, 698 F.2d 236 (5th Cir.1983). However, it is well settled that a landowner is not liable for an injury sustained which results from a condition which should have *1239 been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Bertrand v. Browning-Ferris Industries Chemical Service, Inc., 502 So.2d 167 (La.App. 3rd Cir.1987); Guillory v. Audubon Insurance Co., 417 So.2d 892 (La. App. 3rd Cir.1982). [Emphasis ours].
Applying the above stated legal principles to the facts in this case, we find that the defendants owed no duty to Mr. Annis. The excessive accumulation of leaves, algae and slime on the bottom of defendants' swimming pool did not create an unreasonable dangerous condition such that the landowner had a duty of prior discovery, correction and/or warning. Mr. Annis' deposition reflects that he was aware of the condition of the defendants' pool. Mr. Annis had cleaned the pool weekly since 1975. He would vacuum it regularly to remove leaves and needles from surrounding magnolia, oak, banana and pine trees which collected in the pool. He stated that the pump being turned off only aggravated the problem. Precluded from vacuuming, he could only dip for leaves. He also continued to treat the pool with chemicals to prevent algae. Mr. Annis admitted that on the day of the accident the water in the pool was clear but he could not see the pool bottom because "dirt and stuff covered the leaves." Furthermore, his deposition indicates that he was well aware of the potential danger when he went to the bottom of the pool. Clearly, when a dangerous condition is patently obvious and easily avoidable, it can hardly be considered to present a condition creating an unreasonable risk of harm. Guillory v. Audubon Insurance Co., supra.
The record reflects that while the Shapiro's permitted Mr. Annis to drain the pool at his request, they were not home when he did so. They were in Europe. It is clear that the hazardous nature of this activity, as well as the obstacle presented by the accumulation of leaves, dirt and dust at the bottom of the pool, was as obvious to the plaintiff, if not more so, than to the defendants who were not present at that time. Surely a reasonable man would anticipate the presence of a slippery surface of a swimming pool that had just been drained of dirty water, dust and leaves. Clearly, an invitee, such as the plaintiff, has the duty to exercise due care while on another's premises. It would be unreasonable to impose upon the defendant landowner the duty of prior discovery, correction and or warning under the present factual circumstances. Thus, we conclude that the defendants owed no legal duty to the plaintiff and that the excessive accumulation of leaves, slime and algae on the bottom of defendants' swimming pool did not constitute a condition which created an unreasonable risk of harm.
Plaintiff also asserts in his brief that the defendants' are strictly liable under LSA-C.C. Articles 2317 and 2322. In Kent v. Gulf States Utilities Company, 418 So.2d 493 (La.1982), Justice Lemmon, in distinguishing liability based on LSA-C. C. Articles 2315 and 2316 from liability based on Article 2317, stated:
"In a typical negligence case (those based on C.C. 2315 and 2316) against the owner of a thing (such as a tree) which is actively involved in the causation of injury, the claimant must prove that something about the thing created an unreasonable risk of injury that resulted in the damages, that the owner knew or should have known of that risk, and that the owner nevertheless failed to render the thing safe or to take adequate steps to prevent the damage caused by the thing. Under traditional negligence concepts, the knowledge (actual or constructive) gives rise to the duty to take reasonable steps to protect against injurious consequences resulting from the risk, and no responsibility is placed on the owner who acted reasonably but nevertheless failed to discover that the thing presented an unreasonable risk of harm.
In a strict liability case against the same owner, the claimant is relieved only of proving that the owner knew or should have known of the risk involved. The claimant must still prove that under the circumstances the thing *1240 presented an unreasonable risk of harm which resulted in the damage (or must prove, as some decisions have characterized this element of proof, that the thing was defective)." (Emphasis ours)
See also Guillory v. Audubon Insurance Co., supra.
As we have found that the excessive accumulation of leaves, slime and algae did not constitute a condition which created an unreasonable risk of harm under the circumstances, defendants cannot be held strictly liable.
We agree with the trial court that from the pleadings, depositions and answers to interrogatories presented, there is no genuine issue as to a material fact, and that as a matter of law, defendants owed plaintiff no legal duty.
Accordingly, for the above reasons, we conclude the trial court properly granted defendant's motion for summary judgment.
AFFIRMED