535 So.2d 1307 (1988)
Lisa M. BROWN
v.
SCHWEGMANN GIANT SUPERMARKETS, INC.
No. 88-CA-443.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
Writ Denied February 24, 1989.
Louis H. Schultz, Joseph A. Lococo, Metairie, for plaintiff/appellant.
Brian C. Bossier, Clifford J. Enten, Metairie, for defendant/appellee.
Before BOWES, GAUDIN and GOTHARD, JJ.
BOWES, Judge.
Lisa M. Brown, plaintiff/appellant, brought this action against Schwegmann Giant Supermarkets, defendant/appellee, as a result of injuries she alleges were sustained in a slip and fall accident. The jury found that Schwegmann had met its duty to use reasonable protective measures. The plaintiff filed a motion for judgment notwithstanding the verdict and alternatively a motion for new trial. The untimely death of the trial judge effectively made the motions moot. Plaintiff then filed an appeal in this matter. We affirm.
Lisa Brown was shopping for groceries with a friend at the Schwegmann store located on Veterans Memorial Boulevard. Her friend was pushing the grocery cart because Ms. Brown had recently had surgery on her right foot, which was in a cast, and she was ambulating on crutches.
While on Aisle 15A, she claims to have slipped on a foreign substance. She testified that she did not see what caused her to fall, but that her crutch hit something and slid forward, causing her to fall forward, resulting in the complained of injuries. Ms. Brown signed a statement on the date of the accident, which stated she slipped on a piece of cracker. However, she testified that she did not remember signing the statement.
Susan Detrich, the porterette assigned to clean and inspect the zone in which Aisle 15A is located, testified that she had just cleaned Aisle 15A and was on the next aisle when she heard someone fall. She stated that only two to four minutes had elapsed in the meantime. However, the "Sweep and Mop" Log showed that she had cleaned Aisle 15A forty minutes before the accident occurred and had cleaned Aisle 14B just minutes before the accident.
*1308 Ms. Detrich testified that, when she went to investigate, she found a lady on the floor. She remembered seeing a cracker or cookie near the site of the fall. She also testified that she remembered seeing a cracker or cookie in the security guard's office.
There were no witnesses to the accident except Ms. Brown's friend, who could not be located for the trial.
On appeal, appellant presents only one assignment of error:
"The jury erred in the application of Louisiana law on protective measures to be undertaken by a self-service supermarket."
Prior to Kavlich v. Kramer, 315 So.2d 282 (La.1975) and Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976), a slip and fall victim whose fall was caused by a foreign substance on a supermarket floor could recover only by proving that the store operator or his employee caused the hazard, or that the operator had actual or constructive knowledge of the hazard and failed to take reasonable steps to remedy the condition. The first of a series of cases that increased the burden of proof placed on a store owner was Kavlich v. Kramer, supra, in which the court held that once the victim proves that the substance caused him to slip, fall and sustain injuries, the store owner has the burden of going forward with evidence to exculpate himself from the presumption that he was negligent. The court reasoned that the victim was in no position to know how the substance came to rest on the floor or to prove that the employees were negligent.
Subsequently, in Gonzales v. Winn-Dixie Louisiana, Inc., supra, the court outlined the considerations which should be used in determining the reasonableness of protective measures utilized by the store operators to avoid or minimize the risk of harm:
The circumstances that determine the reasonableness of protective measures include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business.
The Louisiana Supreme Court further added to the store owner's burden in Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984), in which the court stated:
[1, 2] The critical effect of the partial shifting of the evidentiary burden was the virtual elimination of proof of actual or constructive knowledge as an element of plaintiff's case. The spill of a foreign substance onto the floor is caused either by a store employee or by a customer. Under the new evidentiary burden, the store operator is required to prove that his employees did not cause the hazard and that he exercised such a degree of care that he would have known under most circumstances of a hazard caused by customers. Implicit in the change of judicial attitude regarding constructive knowledge is the consideration that diligent protective measures by store operators will lead to the actual discovery of most hazards. Indeed, this consideration is the very basis for imposing the duty on the store operator to utilize adequate protective measures that lead to the actual discovery of dangerous conditions. The degree of vigilance, of course, must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store, and other such considerations.
The Louisiana Supreme Court recently reaffirmed the defendant's twofold burden in a slip and fall case. In McCardie v. Wal-Mart Stores, 511 So.2d 1134 (La. 1987)[1] the court stated:
Many of the employees who could have caused the spill were not asked to testify. *1309 Merely proving adequate clean up procedures is insufficient to prove a spill was not caused by one of the store's own employees.
Even under the heavier burden of proof established by this line of cases, the plaintiff first has the duty to prove that the substance caused him to slip, fall and sustain injuries. Only then does the store owner have to go forward with his burden of proof to exculpate himself from the presumption that he was negligent.
The jury instructions in the instant case read, in pertinent part, as follows:
The self-service grocery system requires customers to focus their attention on the shelves and to handle merchandise. The system increases the risk of harm from objects dropped on the floor by customers and correspondently [sic], the duty to minimize the risk by frequent inspections and cleanups. Once it is established that a foreign object was on the store's floor which has caused the plaintiff to fall, the burden shifts to the defendant store owner to exculpate himself from negligence by proving that he took reasonable steps to fulfill his two-fold duty to discover and to correct dangerous conditions reasonably anticipated in its business activities.
The jury interrogatories were set forth and answered in pertinent part as follows:
"1. Do you find that there was a foreign substance on the floor which caused the plaintiff to slip, fall and suffer injury. Yes 7 No 5
If yes, proceed to question No. 2.
2. Do you find that the defendant was negligent of failing to use reasonable protective measures to keep the aisles and floors free from substances or objects that may cause customers to fall? Yes___ No X
If yes, proceed to question No. 3.
If your answer to either question No. 1 or No. 2 is no, sign the last page of this form and return same to the Court."
According to the above-stated interrogatory No. 1, the jury did not reach a decision as to whether or not a substance caused Ms. Brown to slip, fall and sustain injuries. LSA-C.C.P. art. 1797 states in part:
"B. If trial is by a jury of twelve, nine of the jurors must concur to render a verdict unless the parties stipulate otherwise." [Emphasis supplied]
Consequently, the jury did not decide if the plaintiff clearly established her burden of proof so that the store owner then had to exculpate himself by way of the two-part test established by the jurisprudence. We note that at the end of trial, plaintiff's counsel stated: "We do not require the jury to deliberate further to get a Yes or No on that question (number one)." Although, we find that plaintiff's counsel stipulated to the fact that the jury did not reach a verdict, in accordance with LSA-C. C.P. art. 1797, we are left with a significant unanswered question. Consequently, this court must now decide if, in fact, there was a foreign substance on the floor which caused the plaintiff to fall.
In Ragas v. Argonaut Southwest Ins. Co., 388 So.2d 707 (La.1980), the Louisiana Supreme Court stated:
[1] Where a finding of fact is interdicted because of some legal error implicit in the fact finding process or when a mistake of law forecloses any finding of fact, and where the record is otherwise complete, the appellate court should, if it can, render judgment on the record.
Since we have the entire record before us, we will decide the case in compliance with Ragas, supra.
The porterette in charge of cleaning Aisle 15A on the day of the accident testified that she had just cleaned that aisle and then moved over to Aisle 16 after that; when only two to four minutes had elapsed, she heard someone fall. We note that the sweep and mop log contradicts this statement. However, this one bit of adverse evidence apparently was not enough to convince the jury that plaintiff had established her burden of proof and we are also unconvinced.
The porterette stated that she did not see any one fall, but came back around the *1310 corner and found a woman on the floor and saw a cookie or cracker near the woman's foot.
The plaintiff testified that she didn't know what she slipped on, even though on the day of the accident she signed a statement that she slipped on a cracker and hurt her right leg and ankle.
Plaintiff's husband testified that he went to the store the next day to pick up the groceries his wife had put in the cart the previous day and saw a broken cracker in a baggie in the security office. However, there was no identification on the bag that connected it with the instant case.
The security officer who investigated the accident testified that she neither remembered a cracker, nor put a cracker in a baggie at the time of the accident.
Based on the information contained in the record, we find that the plaintiff did not establish that a foreign substance caused her to slip, fall and sustain injuries. We are aware from the record that the plaintiff was ambulating on relatively new crutches and had a walking cast on her foot, but she testified that she was able to put some weight on her foot. If the plaintiff had indeed placed her crutch, supporting a significant portion of her body weight on a single cracker, logic tells us that the cracker would have been crushed. The porterette testified that she saw a cookie or cracker near the foot of the plaintiff, but it appears the cookie or cracker that she saw was in a whole condition.
The plaintiff's husband stated he saw a broken cracker in a baggie in the security guard's office the next day. However, as we have already noted, there has been no connection established between that cracker and this accident. Her husband identified it as a "Hi-Ho" cracker, yet the porterette called it a cookie or cracker and couldn't recall whether it was white or yellow.
In Gonzales v. Winn-Dixie Louisiana, Inc., supra, the court held that a plaintiff must first prove she fell through no fault of her own on a foreign substance on the floor. We find here that it has not been proven that Ms. Brown's fall was caused by a foreign substance and not her own instability while ambulating on crutches and a short walking cast. In other words, there is, in our judgment, far less than a preponderance of the evidence to this effect.
Apparently, the jury felt the same way as, obviously, they failed to cast the necessary 9 votes in plaintiff's favor in answer to Interrogatory #1. To bolster this conclusion even further, plaintiff's counsel stipulated that the plaintiff did not require that the jury deliberate any longer in order to obtain a "yes" or "no" answer to this crucial question. The failure of the jury to answer this first interrogatory could be viewed, standing alone, as being fatal to plaintiff's recovery.
Although a store owner has an affirmative duty to exercise reasonable care to keep his floors in a safe condition, he is not the ensurer of the safety of his patrons. Ritchie v. S.S. Kresge Co., Inc., 505 So.2d 831 (La.App. 2 Cir.1987) Writ denied 507 So.2d 227 (La.1987).
Because we hold that the plaintiff did not meet her burden of proof in establishing that a foreign substance caused her to slip and fall and sustain injuries, we need not address the store owner's burden of going forward with evidence to exculpate himself from the presumption that he was negligent.
Accordingly, for reasons assigned above, which are somewhat different from those of the jury, we affirm the judgment of the trial court in favor of the defendant, Schwegmann Giant Supermarkets, and against the plaintiff, Lisa M. Brown, dismissing her suit at her costs.
AFFIRMED.
NOTES
[1] McCardie v. Wal-Mart Stores, supra, was rendered September 9, 1987. The instant case was tried over a three day period beginning January 26, 1988. Consequently, the heavy burden reaffirmed in McCardie is applicable. We note, however, that the Legislature subsequently overruled that portion of the McCardie decision that held merely proving adequate clean-up procedures is insufficient to prove a spill was not caused by one of the store's own employees. Act 714, 1988LSA R.S. 9:2800.6.