563 So.2d 564 (1990)
Charlotte SPENCER, Individually and on Behalf of Her Minor Child, Andrea Spencer
v.
John MAGEE, Theonette Cameron, Price T. Gilbert, Allstate Insurance Company and ABC Insurance Company.
No. 89-CA-1900.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 1990.
*565 Paul M. Lavelle, Sally I. Gaden, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for plaintiffs-appellants.
Karen Lee Lewis, Hulse, Nelson & Wanek, New Orleans, for defendants-appellees.
Before BYRNES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Plaintiff, Charlotte Spencer, appeals the dismissal of her suit against defendants, Price T. Gilbert and his liability insurer, Mt. Hawley Insurance Company, on defendants' motion for summary judgment. We affirm.
Plaintiff filed suit individually and on behalf of her minor child, Andrea Spencer, for injuries sustained by Andrea while playing in the driveway of a duplex owned by defendant Gilbert located at 3309-3311 Montegut Street in New Orleans. Veronica Magee, Andrea Spencer's aunt, leased the 3309 half of the duplex and John Magee leased the other half.
At the time of the accident, two abandoned vehicles owned by John Magee were located on the property in front of the 3311 Montegut Street address. This property is adjacent to the driveway of 3309 Montegut Street. Andrea Spencer, two years old at the time of the accident, was playing in the driveway of 3309 Montegut Street. John Magee, driving a car owned by Theonette Cameron, drove into the driveway where Andrea was playing and struck Andrea, running over her and causing severe injuries. Apparently, the two vehicles on the property obstructed Magee's view to where he could not see Andrea in the driveway as he approached from the street.
Named as defendants along with Gilbert and Mt. Hawley are John Magee, Theonette Cameron and Allstate Insurance Company. Plaintiff, citing LSA-C.C. arts. 2315 and 2316, contends that Gilbert, as a owner of the Montegut Street property, breached his legal duty as a landowner to act reasonably in the management of his property by allowing a dangerous condition, the abandoned vehicles, to remain on his property and create a risk of harm to others. Gilbert and Mt. Hawley Insurance Company filed a motion for summary judgment contending Gilbert owed no duty to Andrea to protect her from the harm she suffered, that he acted reasonably in the management of his property and that he could not legally remove the vehicles placed on the property by John Magee.
In order to determine whether liability exists under the facts of a particular case, the Louisiana Supreme Court has adopted a *566 duty-risk approach. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La. 1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The first inquiry in making a determination of liability is whether a defendant's alleged wrongful conduct was a cause-in-fact of plaintiff's injuries. Shelton v. Aetna Casualty & Surety Co., supra; Hill v. Lundin & Associates, Inc., supra. In resolving this question we make no inquiry as to whether the act or acts were unlawful or negligent, nor is it proper at this point to refer to the duty-risk approach policy considerations. We determine only whether the acts of the defendant were a substantial factor without which the accident would not have occurred, i.e., whether they had some direct relationship to the accident. Shelton v. Aetna Casualty & Surety Co., supra; Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972).
Every act leading up to an accident cannot be said to be a cause-in-fact. However when the antecedent acts bring the court, after careful scrutiny of all the facts and circumstances, to a conclusion that more probably than not they were necessary ingredients of the accident, they constitute cause-in-fact. Laird v. Travelers Insurance Co., supra. If the two abandoned vehicles were not on the leased property, John Magee would have seen Andrea playing in the driveway, and the accident, more probably than not, would not have occurred. The vehicles parked on the defendant landowner's property, therefore, may have been a cause-in-fact of the accident.
Assuming, arguendo, that the abandoned vehicles on the leased property were a cause-in-fact of plaintiff's injury, however, does not establish liability. In addition, we are required to ascertain whether the defendant landowner breached a legal duty imposed to protect against the particular risk involved. Hill v. Lundin & Associates, Inc., supra. In making this determination the following inquiries must be made: (1) What, if any, duty was owed by Gilbert, as the property owner, to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? Jones v. Robbins, 289 So.2d 104 (La.1974); Hill v. Lundin & Associates, Inc., supra; Annis v. Shapiro, 517 So.2d 1237 (La.App. 4th Cir.1987).
The proper test to be applied in determining a landowner's liability under LSA-C.C. arts. 2315 and 2316 is whether in the management of his property he acted as a reasonable man in view of the probability of injury to others. The duty of the landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Shelton v. Aetna Casualty & Surety Co., supra. Further, the duty owed by a landowner to a guest such as the plaintiff is the duty to discover any unreasonably dangerous condition on the premises and to either correct the condition or warn her of its existence. Vidrine v. Missouri Farm Association, 339 So.2d 877 (La.App. 3rd Cir.1976), writ denied, 342 So.2d 216 (La.1977). However, it is well settled that a landowner is not liable for an injury sustained which results from a condition which should have been observed by the individual in the exercise of reasonable care or which was as obvious to a visitor as it was to the landowner. Annis v. Shapiro, supra. Assuming the facts as alleged by plaintiffs, we must determine whether Gilbert owed plaintiff a duty to discover and correct an unreasonably dangerous condition on his property, i.e., the two abandoned vehicles, or at least warn plaintiff of their existence.
Applying the above stated legal principles to the facts in this case, we find that Gilbert owed no duty to plaintiff. The two abandoned vehicles in front of the 3911 Montegut Street residence did not create an unreasonably dangerous condition such that the landowner had a duty of prior discovery, correction and/or warning. The evidence submitted to the court on defendants' motion for summary judgment included an affidavit of Gilbert and the deposition of Rose Gilbert Bienvenue, the manager *567 of Gilbert's property. In his affidavit Gilbert states he neither owned the two vehicles nor had knowledge of their existence on the Montegut Street property. Likewise, in her deposition Bienvenue testified that she did not know of the existence of the cars on the property and that she normally relied on the tenants to report any hazardous conditions. According to Bienvenue, Veronica Magee had rented the 3909 half of the duplex on January 27, 1987. She stated Gilbert's regular maintenance crew had made all necessary repairs and performed general cleaning prior to her moving in the apartment. Bienvenue further testified that Veronica Magee had made complaints of needed repairs in February 1987 and March 1987 and that the maintenance crew responsed immediately in correcting the problems. She testified Veronica Magee had come to Gilbert's office every month to pay the rent but never once reported any abandoned vehicles on the property. Bienvenue stated John Magee had been a tenant approximately three or four years prior to 1987 and that never did he call Gilbert regarding problems on the property.
The record contains no evidence which indicates that Gilbert knew or should have known of the abandoned cars on the property and that he failed to have them removed. Nothing in the record shows exactly how long the cars were left in front of the house and/or whether they posed any danger to the tenants, neighbors or visitors on the property. It is clear that any potential hazard created by the two cars in front of the Montegut Street house was more obvious to the tenants of the property and to person(s) watching Andrea than to Gilbert who was not present. Under these factual circumstances, it would be unreasonable to impose upon the defendant landowner the duty of prior discovery, correction or warning of a dangerous condition. Thus, we conclude Gilbert owed no legal duty to the plaintiff other than that of managing his property as a reasonable man in view of the probability of injury to another, and that the existence of the abandoned vehicles on his property did not constitute a condition which created an unreasonable risk of harm.
After considering the pleadings, deposition, affidavit and other evidence in the record, and viewing all reasonable inferences drawn therefrom in a light most favorable to plaintiff, we find there is no genuine issue as to a material fact, and that as a matter of law, defendant Gilbert did not breach his legal duty toward plaintiff.
Accordingly, for the above reasons, we conclude the trial court properly granted defendants Price Gilbert and Mt. Hawley Insurance Company's motion for summary judgment, dismissing them from plaintiff's suit.
AFFIRMED.