CIACCIO, Judge.
On the application of relators, Facility Management of Louisiana, Inc.; The Louisiana Stadium and Exposition District, d/b/a Louisiana Superdome; The Edward J. DeBartolo Corporation, d/b/a New Orleans Centre; and Poydras Square Associates, d/b/a New Orleans Centre, we grant certiorari to consider whether the trial court erred in denying relators’ motion for summary judgment.
Plaintiffs, the heirs of Officer Earl Hauck, a New Orleans police officer killed in the line of duty by Adolph Archie, filed suit against relators, among others, for the wrongful death of their father. On the afternoon of Hauek’s death, Archie approached Diane Williams, a Superdome security officer stationed at a parking booth, and jabbed his hand which was covered by a brown paper bag at her and demanded the money in the register. Williams responded that she could not gain access to the register. He then ordered her to the ground and took her gun. Archie ran across the street to City Hall and eventually to the corner of St. Charles Avenue and Gravier Street. Officer Hauck, who was directing traffic and monitoring the police transmissions on his radio, spotted Archie near the side entrance of the Place St. Charles office building. When Officer Hauck attempted to arrest Archie, Archie shot and killed him with Williams’ gun.
In their original and supplemental petitions, plaintiffs alleged relators were negligent in their failure to properly train and/or supervise Williams in the performance of her duties. Specifically, they allege that relators failed to provide Williams with sufficient training in the utilization and retention of hher service revolver.
Relators filed a motion for summary judgment, arguing that they had no legal duty to protect Hauck from the criminal acts of Archie. In support of its motion, relators attached the affidavit of Dianne Williams wherein Williams stated that on March 22, 1990, while in the course and scope of her employment with Facility Management of Louisiana, Inc., she was assigned to patrol the northeast garage of the Superdome. She further stated that after the cashier for the garage had closed the register for the day, she was confronted by Adolph Archie. According to Williams, Archie had his right hand covered up to his wrist in a brown paper bag, implied he had a gun and thrust what felt like a hard object into her stomach. Archie demanded money from the register but Williams informed him that she could not access the register. Archie then ordered Williams to get on the floor and, as she was doing so, Archie saw the revolver in her holster, took it and fled across Poydras Street.
In order to determine whether liability exists under the facts of a particular case, the Louisiana Supreme Court has adopted a duty-risk analysis approach. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406 (La.1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (La.1972).
*1156 The first inquiry in making a determination of liability is whether a defendant’s alleged wrongful conduct was a cause-in-fact of plaintiffs injuries. Shelton v. Aetna Casualty & Surety Co., supra. In resolving this question, we make no inquiry as to whether the act or acts were unlawful or negligent, nor is it proper at this time to refer to the duty-risk policy considerations. We determine only whether the acts Of the defendant were a substantial factor without which the accident would not have occurred, i.e., whether they had some direct relationship to the injury. Shelton v. Aetna Casualty & Surety Co., supra; Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (La.1972).
Every act leading up to an accident cannot be said to be a cause-in-fact. However, when the antecedent acts bring the court, after careful scrutiny of all the facts and circumstances, to a conclusion that more probably than not they were necessary ingredients of the accident, they constitute cause-in-fact. Laird v. Travelers Insurance Co., supra. The death of Officer Hauck was the result of a criminal act on the part of Archie. If, however, Archie had not obtained Williams’ service revolver, Officer Hauck would not have been fatally wounded. To this extent defendant’s act might be considered as a cause-in-fact of the death.
Assuming, arguendo, that Williams’ failure to retain her revolver was a cause-in-fact, it does not establish liability. In addition, we are required to ascertain whether the relators breached a legal duty imposed to protect against the particular risk involved. Hill v. Lundin & Associates, Inc., supra. In making this determination the following inquiries must be made: 1) What, if any, duty was owed by defendants to the plaintiffs? 2) Was there a breach of this duty? 3) Was the risk and resultant harm within the scope of protection afforded by the duty breached? Jones v. Robbins, 289 So.2d 104 (La.1974). Whether a defendant owes a plaintiff a legal duty is a question of law. Whether a defendant has breached a duty owed is a question of fact. Hill v. Lundin & Associates, Inc., supra; Annis v. Shapiro, 517 So.2d 1237 (La.App. 4th Cir.1987).
Although we recognize that relators had a duty to properly train and supervise its security employees and its failure to do so might render the employer liable for the negligent actions of the employee resulting in injuries to third parties, we find that the scope of the duty to properly train and ^supervise does not extend to the unanticipated, isolated criminal act of a third party that culminated in the death of Officer Hauck eight blocks away from the Superdome.
A motion for summary judgment is proper if the pleadings, affidavits etc¡, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
After considering the pleadings, Williams’ affidavit and the statement of uncontested material facts submitted in support of rela-tors’ motion and plaintiffs’ opposition thereto, we find, as a matter of law, that Facility Management was under no duty to protect Officer Hauck from the risk which gave rise to his death. For this reason, we find the trial court erred in denying relators’ motion for summary judgment.
Accordingly, the judgment of the trial court in favor of the plaintiffs and against relators is reversed. We render judgment in favor of Facility Management of Louisiana, Inc.; The Louisiana Stadium and Exposition District, d/b/a Louisiana Superdome; The Edward J. DeBartolo Corporation, d/b/a New Orleans Centre; and Poydras Square Associates, d/b/a New Orleans Centre, granting their motion for summary judgment and dismissing plaintiffs’ suit against them.

REVERSED AND RENDERED.

LANDRIEU, J., concurs with reasons.
BARRY, J., dissents with reasons.
ARMSTRONG, J., would deny the writ application.